CHARLIE RIGGS v. GULF OIL CORPORATION AND JOHN THOMAS MATTHEWS.

(Filed 14 April, 1948.)

**Automobiles § 18h (3)—Plaintiff's evidence disclosing he could not stop within range of headlights held to warrant nonsuit for contributory negligence.**

Testimony by plaintiff disclosing that he was traveling 25 miles per hour along a highway within the residential district of a municipality on a dark, foggy night, and that he hit the rear of defendant's truck which was parked without lights on its right-hand side of the highway, G. S., 20-161, that there was no other traffic at the scene at the time, that he could have stopped his car in four or five feet but that his lights were dimmed and shone under the truck so that he did not see the truck in time to stop before hitting it, *is held* to disclose contributory negligence as a matter of law in traveling at a speed at which, under the circumstances, plaintiff could not stop within the range of his headlights, which constituted at least one of the proximate causes of the injury.

APPEAL by plaintiff from *Stevens, J.,* at November Term, 1947, of LENOIR.

Civil action to recover for personal injury and property damages alleged to have been sustained by the plaintiff, in a collision of plaintiff's automobile with an oil truck owned by the corporate defendant and operated by its servant.

The plaintiff alleges that John Thomas Matthews was operating the truck owned by the defendar corporation, about 5:15 a.m., on 26 January, 1945, on Vernon Avenu, in the City of Kinston; that the driver of said truck parked the same a the right-hand side of the paved and traveled portion of said street, without lights on said truck and without flares or any other warning signal, warning the public generally, and particularly the plaintiff, o the presence of the truck upon said street. It is alleged there was a havy fog or mist in the area, lessening the visibility of objects on or nar the paved portion of the street; and that while plaintiff was drivin his automobile in a lawful and prudent manner along said street, it collided with the rear end of the truck of the corporate defendant, resultig in serious physical injuries to the plaintiff and substantial damage to us automobile.

The defendant, Gulf Cl Corporation, filed an answer, admitting ownership of the truck and that John Thomas Matthews was driving it on 26 January, 1945. All other material allegations of the complaint are denied, but the corporte defendant alleges that if the defendants were guilty of negligence, he plaintiff was guilty of contributory negligence.

The plaintiff testified tht he had been employed at the Post Office in Kinston for about 17 yeas; that he went on duty at five o'clock in the morning; that he lived abat a mile and a half from the Post Office, and about five o'clock on the norning of 26 January, 1945, he was driving his car along Vernon Avaue in the City of Kinston, which Street is a part of the U. S. Highwa: No. 70; that he was traveling "not exceeding 25 miles an hour" after le got in town; that he did not meet any other vehicles on the trip; tht the truck of the Gulf Oil Corporation was parked directly on the hijhway, which had his half of the highway completely blocked; the trucl had no lights on it. The weather was foggy, with rain and mist, and bw-hanging fog. Under the conditions existing that morning, he could lave seen an object right down the highway for about 200 feet. "What happened, my lights—the beams were shining down and under the truck and it prevented me from seeing it until I saw the bulk of the truck. I was too close to attempt to put on brakes. It was parked in the dark and fog. I didn't have time to pick my feet up and put them on the brakes, let alone put on the brakes. I could have seen a light on the higtway that morning, a long ways for that matter, five or six hundred yards, if there had been a light to see. I don't know the color of the truck; I didn't have time to see that. I seen it and the next instant I hit it. I struck the rear end, I guess; I was traveling on my right-hand side of the road. I was knocked unconscious by the impact." On cross-examination, the plaintiff further testified: "I could not see very high up in the fog and darkness. The tanker was parked up

there in the dark without.any lights . . . ; all. I could see at least 200 feet up ahead, 2 feet from the ground. I could not see that far, 5 feet up. I could not have seen 5 feet ahead of me 5 feet above the ground, as dark as it was and the mist. I could see to the front of my car, but my lights were dimmed down. I could see better that way than up. I could see practically nothing right in front of me beyond 200 feet. I doubt if I could have seen 200 feet four feet above the ground. It was foggy and pretty dark. . . . I could have stopped the car in from 4 to 5 feet; I had perfect brakes. If I had seen the truck 4 to 5 feet before I got there I could have stopped. It had not been raining that night; I didn't notice any water on the highway."

E. H. Tyndale testified the collision occurred in front of his home. He was awakened by the collision. He was sleeping in a room about 20 feet from where the truck was parked. When he first looked towards the street he could only see the bulk of the truck, but before he got off the bed the lights were switched on.

At the close of plaintiff's evidence, the corporate defendant moved for judgment as of nonsuit. The motion was allowed, and the plaintiff appealed, assigning error.

*J. A. Jones for plaintiff.*

*Thos. J. White and H. Frank Owens, Jr., for Gulf Oil Corporation, defendant.*

DENNY, J. The provisions of our statute making it unlawful for any person to park or leave standing any vehicle, whether attended or unattended, upon any highway, is subject to certain exceptions. G. S., 20-161, subsection (c).

Whether the corporate defendant's truck was temporarily disabled and came within the above exception, is not disclosed. However, the corporate defendant alleges in its answer, that at the time of the collision, its truck was properly lighted and was proceeding eastwardly on Vernon Avenue, in the City of Kinston, at a speed between 10 and 15 miles per hour. No evidence was offered in support of these allegations, since the motion for judgment of nonsuit was granted at the close of plaintiff's evidence. Nevertheless, if it be conceded the defendants were guilty of negligence, we think the plaintiff's evidence established contributory negligence as a matter of law.

The appellant is relying on the case of *Cummins v. Fruit Co.,* 225 N. C., 625, 36 S. E. (2d), 11. We do not think that case is controlling on the record before us. There the defendant's truck had been parked on a highway, outside of a business or residential district, without lights of any kind, in violation of G. S., 20-161. The weather was misty, foggy

RIGS *v.* OIL CORP.

and drizzling rain. And at the time the plaintiff was approaching the parked vehicle, he was meeting an automobile which necessitated the dimming of his lights, and the headlights of the oncoming car temporarily blinded him until it was too late to stop his car before colliding with the rear end of defendant truck. Here the plaintiff met no other vehicle, but was driving his automobile with dimmed lights, along a street in the City of Kinston, at 5:00 o'clock in the morning, through fog and mist that was so heavy his headlights would not give him visibility for a distance of five feet, five feet above the ground. Even so, he proceeded to drive his car under such conditions, at a rate of speed of 25 miles per hour. He also testified that "under the conditions existing that morning, he could have seen an object right down the highway for about 200 feet," but explained that that happened he had dimmed his lights and they were shining down under the truck and that prevented him from seeing it until he was too close to it to attempt to stop before colliding with it. He testified that if he had seen the truck 4 or 5 feet before he collided with it, he could have stopped. Yet he collided with the rear end of defendant's truck with such force as to sustain serious physical injuries and damaged his car, he alleges, to the extent of $320.00.

The evidence discloses a failure on the part of the plaintiff to exercise reasonable care for his own safety. He was operating his car in such manner and at such speed as to make it impossible for him to stop within the range of his lights. As a matter of fact, according to the plaintiff's own testimony, when he came sufficiently close to the corporate defendant's parked truck for it to be within the range of his headlights, he was too close to it to even attempt to stop. His negligence was at least one of the proximate causes of his injury, and that is sufficient to defeat a recovery. *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Stallings v. Transport Co.,* 210 N. C., 20, 185 S. E., 643; *Lee v. R. R.,* 212 N. C., 340, 193 S. E., 395; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Beck v. Hooks,* 218 N. C., 10, 10 S. E. (2d), 608; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 12; *Peoples v. Fulk,* 220 N. C., 635, 18 S. E. (2d), 203; *Pike v. Seymour,* 222 N. C., 42, 21 S. E. (2d), 884; *Allen v. Bottling Co.,* 223 N. C., 11, 25 S. E. (2d), 388; *McKinnon v. Motor Lines, ante,* 132, 44 S. E. (2d), 735; *Tyson v. Ford, post,* 778.

The judgment of the court below is

Affirmed.