WARREN GUY TYSON, JR., v.C. J. FORD, ET AL.,
and
CARRIE T. TYSON v. C. ; FORD, ET AL.

(Filed 14 April, 948.)

**1. Automobiles § 18h (3)—Plaintiff's evidnce disclosing failure of proper lookout and inability to stop within ınge of lights held to warrant nonsuit for contributory negligence.**

　　Plaintiff's evidence tended to show tha he was traveling 40 to 45 miles per hour on a highway on a clear night and collided with the rear of a truck parked on the right side of the hihway without lights, that plaintiff was traveling over the crest of a hil and did not see the truck at the speed he was traveling in time to stop c turn to the left before striking it. There was no traffic approaching frm the opposite direction. *Held:* Nonsuit on the ground of contributory nigligence was proper, since plaintiff's evidence discloses that he "outra his headlights" and failed to exercise proper care for the safety of hirself and the occupants of his car.

**2. Automobiles §§ 8a, 12a—**

　　While a motorist is not under duty:o anticipate that an unlighted vehicle will be left standing on the traved portion of the highway ahead of him, without flares or other signs of anger, this does not relieve him of the duty of keeping a proper lookoutand proceeding as a reasonably prudent person would under the circumstnces.

**3. Negligence §§ 1, 11—**

　　Negligence, primary or contributory, ishe failure to use the care and prevision which a reasonably prudent pern would employ in the circumstances, the rule being consistent, while he degree of care varies with the exigencies of the occasion.

**4. Automobiles § 12a—**

　　A motorist must take into consideration ırves and hills in determining what speed is reasonable and prudent, ( S., 20-141 (5) (c), and in observing the rule that he must not exceea speed at which he can stop within the radius of his lights.

**5. Automobiles § 18h (3)—**

　　Whether a motorist colliding with a vehle standing on the traveled portion of a highway will be held guilty ofcontributory negligence as a matter of law presents a difficult question wih must be determined upon the facts and circumstances of each particuł case, since, while in every instance he is required to exercise the care ıd prevision of a reasonably prudent person in like circumstances, the dcree of care varies with the exigencies of the occasion.

**6. Negligence § 11—**

　　Contributory negligence *ex vi termini* signies contribution rather than independent or sole cause, and bars recovery :it contributes to the injury as a proximate cause or one of them.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at January Term, 1948, of WAKE.

Civil actions by Carrie T. Tyson and Warren Guy Tyson, Jr., mother and son, for damages to the mother's automobile and for personal injuries to the son when the mother's car, driven at the time by the son on Highway No. 64 in Wake County, ran into the rear of a truck owned by the defendants and operated at the time by an employee, Shirley Poole, it being alleged that the damages in both instances were caused by the negligence or default of the defendants. As both actions arose out of the same circumstances and rest upon the same evidence, by consent, they were consolidated and tried as one case.

Around midnight of 14 December, 1946, Warren Guy Tyson, Jr., was driving his mother's automobile from Wendell to Raleigh on Highway No. 64, in company with two companions, Dorothy Kiely and Percy Stott, when the collision here under investigation occurred.

Young Tyson says he and his friends had been to Wendell to attend a wedding rehearsal. "When we left there, Percy Stott, Miss Kiely and I were together in the Mercury car which I was driving. Miss Kiely was between me and Percy on the front seat. . . . I had traveled this road many, many times, and was thoroughly familiar with it. . . . My mother's car, which I was driving with her knowledge and permission, was in good condition. . . . The lights were in good shape. . . . After we passed Hodge's Service Station, there is a long curve . . . and as we rounded one curve and hit a small hill, then went over the hill, I suddenly saw a truck in the road ahead of me. Miss Kiely hollered 'look out Guy there is a truck,' and I threw on the brakes at once. . . . We were too close when I saw it to put on my brakes and keep from hitting it, so I ran into it. . . . The truck was standing dead still in the road on the right-hand side as if it were going towards Raleigh, but it was not moving at all. Absolutely no sign of a light on it. . . . After I saw the truck, I did everything that I could to stop the car. In spite of my putting on brakes, I ran into the back end of the truck. . . . It was a cold, clear night. . . . The truck was on the other side of the knoll or little rise. . . . I was driving between 40 and 45 miles an hour when I hit the truck. . . . If I had seen it in time, I could have turned to the left and avoided striking it. . . . The truck was on its right-hand side of the road. . . . No car coming from the opposite direction. . . . Q. The thing that kept you from either stopping or turning to the left was the speed you were driving when you saw him and there wasn't distance enough for you to stop or turn to the left, is that right? A. That is correct. . . . Q. Whatever the distance was at the time you did see it and at the speed you were going, you just couldn't stop before you hit it? A. That is right. . . . To tell the truth, the first thing I knew was when I saw that truck up in front of me."

Miss Dorothy Kiely testified that when she saw the truck she called to Guy, "There is a truck"; that he immediately slammed on the brakes, and the car struck the rear of the truck. "I don't know how close we were to the truck at the time I saw the truck and Mr. Tyson put on his brakes. It seemed to me it loomed right up in front of us."

Percy Stott testified that he was fagged out, and asleep at the time of the accident.

Fred Taylor arrived at the scene of the accident soon after it happened, and stopped to render assistance. The truck was loaded with cabbage. No lights were on the truck at that time. "Cabbages had been piled all up on the hood, . . . one bag almost in the windshield laying up in a pile."

At the close of plaintiffs' evidence, nonsuits were predicated on the contributory negligence of the driver of the Tyson car. From these rulings, the plaintiffs appeal, assigning errors.

*J. B. Bilisoly, E. R. Sykes, Jr., and Murray Allen for plaintiffs, appellants.*

*J. M. Broughton and C. Woodrow Teague for defendants, appellees.*

STACY, C. J. The question for decision is whether the evidence suffices to carry the cases to the jury in the face of the demurrers. The trial court answered in the negative, and we approve.

Conceding the negligence of the defendants, which is denied in the answer but made manifest on the record, the cases were made to turn in the court below on the contributory negligence of the driver of the Tyson car. From his own testimony, it would seem that he was clearly and unmistakably "out-running his headlights" at the time of the collision. *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Allen v. Bottling Co.,* 223 N. C., 118, 25 S. E. (2d), 388; *Caulder v. Gresham,* 224 N. C., 402, 30 S. E. (2d), 312. The tragic fact is, that when young Tyson first saw the truck he was too near it, at the speed he was going, to stop or to turn to the left before striking it. He so testifies. This certainly contributed to his misfortune, and was such conduct on his part as bars recovery to him and to his mother, the owner of the car. *Penland v. Southern Ry. Co., ante,* 528, 46 S. E. (2d), 303; *McKinnon v. Motor Lines, ante,* 132, 44 S. E. (2d), 735; *Riggs v. Gulf Oil Corp., ante,* 774.

It is true that the driver of the Tyson car was not bound to foresee or to anticipate that an unlighted truck would be left standing on the traveled portion of the highway ahead of him without flares or other signs of danger, but this did not relieve him of the necessity of keeping a proper lookout and proceeding as a reasonably prudent person under the circumstances. "While the plaintiff had the right to assume that

other motorists would not obstruct the highway unlawfully, and would show the statutory lights if they stopped, he could not for that reason omit any of the care that the law demanded of him." *Steele. v. Fuller,* 104 Vt., 303, 158 Atl., 666.

The test of liability for negligence, primary or contributory, is the departure from the normal conduct of the reasonably prudent man, or the care and prevision which a reasonably prudent person would employ in the circumstances. The rule is constant, while the degree of care which a reasonably prudent person is required to exercise varies with the exigencies of the occasion. *Diamond v. Service Stores,* 211 N. C., 632, 191 S. E., 355. For this reason, no factual formula can be laid down which will determine in every instance the person legally responsible for a rear-end collision on a highway at night between a standing vehicle and one that is moving. "Practically every case must 'stand on its own bottom.'" *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637.

Curves and hills in the road are conditions a motorist is required to take into consideration in regulating his speed "as may be necessary to avoid colliding with any person, vehicle, or other conveyance." G. S., 20-141, Subsec. 5 (c). "He must operate his automobile at night in such manner and at such speed as will enable him to stop within the radius of his lights," if occasion should so require. *Allen v. Bottling Co., supra.* The present case, however, is not predicated on this circumstance alone. Annotations: 44 A. L. R., 1403; 58 A. L. R., 1493; 87 A. L. R., 900. It is obvious that the driver of plaintiff's car was inattentive to the duty required of him for his own safety and that of his companions when he rounded the curve and topped the hill at a high-rate of speed; and, "To tell the truth," he says, "the first thing I knew was when I saw that truck up in front of me." It is generally held for law that "a motorist who fails to exercise a degree of care commensurate with the surrounding hazards, and collides with an automobile standing without lights, will be precluded from recovery." 5 Am. Jur., 748; Anno. 62 A. L. R., 970.

There are two lines of decisions in our Reports involving highway accidents which turn on the question of contributory negligence. *Hayes v. Telegraph Co.,* 211 N. C., 192, 189 S. E., 499. In this, as in other matters where a line must be drawn, there will be cases very near each other on opposite sides. Indeed, the line of demarcation may be difficult to plot in some instances. While simple enough in statement, its application is the place of the rub. *Sibbitt v. Transit Co.,* 220 N. C., 702, 18 S. E. (2d), 203. "A serious and troublesome question is continually arising as to how far a court will declare certain conduct of a defendant negligence, and certain conduct of a plaintiff contributory negligence, and take away the question of negligence and contributory negligence from the jury." *Moseley v. R. R.,* 197 N. C., 628, 150 S. E., 184.

The first line, in which contributory negligence has been held as a matter of law to bar recovery, is represented, among others, by the following decisions: *Weston v. R. R., supra; McKinnon v. Motor Lines, supra; Riggs v. Gulf Oil Corp., supra; Atkins v. Transportation Co.,* 224 N. C., 688, 32 S. E. (2d), 209; *Austin v. Overton,* 222 N. C., 89, 21 S. E. (2d), 887; *Pike v. Seymour,* 222 N. C., 42, 21 S. E. (2d), 884; *Dillon v. Winston-Salem,* 221 N. C., 512, 20 S. E. (2d), 845; *Sibbitt v. Transit Co., supra; Peoples v. Fulk,* 220 N. C., 635, 18 S. E. (2d), 147; *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Lee v. R. R.,* 212 N. C., 340, 193 S. E., 395; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108.

The second line, in which contributory negligence has been held to be an issue of fact for the jury, is represented, among others, by the following decisions: *Hobbs v. Drewer,* 226 N. C., 146, 37 S. E. (2d), 121; *Cummins v. Fruit Co.,* 225 N. C., 625, 36 S. E. (2d), 11; *Page v. McLamb,* 215 N. C., 789, 3 S. E. (2d), 275; *Clarke v. Martin,* 215 N. C., 405, 2 S. E. (2d), 10; *Cole v. Koonce, supra; Exum v. Baumrind,* 210 N. C., 650, 188 S. E., 200; *Pender v. Trucking Co.,* 206 N. C., 266, 173 S. E., 336; *Lambert v. Caronna,* 206 N. C., 616, 175 S. E., 303; *Williams v. Express Lines,* 198 N. C., 193, 151 S. E., 197.

We think the facts of the instant case bring it within the first line of decisions as above designated. It is conceded, however, that very near it on the other side of the fence is the last-cited case of *Williams v. Express Lines.*

Young Tyson's negligence need not have been the sole proximate cause of the injury to bar recovery, for "contributory negligence" *ex vi termini* signifies contribution rather than independent or sole cause. *Absher v. Raleigh,* 211 N. C., 567, 190 S. E., 897. It is enough if it contribute to the injury as a proximate cause, or one of them. *Tarrant v. Bottling Co.,* 221 N. C., 390, 20 S. E. (2d), 565; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137. The plaintiff may not recover in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the result. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564.

A careful perusal of the record leaves us with the impression that the judgment of nonsuit should be sustained.

Affirmed.