## PARKWAY BUS COMPANY, INC., v. COBLE DAIRY PRODUCTS COMPANY, INC.

(Filed 13 October, 1948.)

**Automobiles §§ 8d, 18h (3)—**

The evidence tended to show that plaintiff's bus, shortly after a truck traveling in the opposite direction had passed it, struck the rear of defendant's truck which was parked on the right side of the highway on a dark and foggy night without lights, flares, or other signal. *Held:* While there was evidence of negligence on the part of defendant in violating G. S.,

20-161, the evidence discloses contributory negligence as a matter of law on the part of plaintiff's driver, and defendant's motion to nonsuit was properly allowed.

Appeal by plaintiff from *Moore, J.,* at May Term, 1948, of Wilkes. Affirmed.

This was an action to recover damages for injury to plaintiff's bus caused by collision with defendant's truck parked on highway at night without lights.

Plaintiff's evidence tended to show that the Coble truck was stopped at night, 17 January, 1947, on the west side of Highway No. 601, the paved surface being 18 feet wide. The stoppage was due to the breaking of one of the truck's dual wheels sometime that afternoon. There were no lights on the truck and no flares or other signals. The night was dark, rainy, and foggy. The road was straight. About 6:15 p.m. plaintiff's bus, weighing 17,000 pounds and carrying 12 passengers, traveling south at a speed of 30 to 35 miles per hour, struck the rear of the defendant's truck slightly to the left of center, and the impact crushed the front of the bus and drove the truck some 75 feet, and down an embankment, the bus traveling 68 feet. Shortly before this collision the bus met a truck traveling in the opposite direction, lights dimmed, but that vehicle had passed before the collision occurred. The lights on the bus were burning, and the driver testified he was within 8 or 10 feet of the truck before he saw it, too close to turn or stop. According to the testimony of the highway patrolman with ordinary automobile lights under the conditions then existing normal vision was 75 feet.

At the close of plaintiff's evidence defendant's motion for judgment of nonsuit was allowed and plaintiff appealed.

*Larry S. Moore and John R. Jones for plaintiff, appellant.*

*J. T. Pritchett and Trivette, Holshouser & Mitchell for defendant, appellee.*

Devin, J.  While there was evidence of negligence on the part of the defendant in leaving parked on the highway after dark an unlighted truck, without flares or signals, in violation of G. S., 20-161 (*Peoples v. Fulk,* 220 N. C., 635, 18 S. E. (2d), 147; *Allen v. Bottling Co.,* 223 N. C., 118, 25 S. E. (2d), 388), we think the motion for judgment of nonsuit interposed at close of plaintiff's evidence, on the ground of the contributory negligence of the driver of plaintiff's bus, was properly allowed. *Austin v. Overton,* 222 N. C., 89, 21 S. E. (2d), 887.

The correct determination of legal responsibility for injury resulting from a rear-end collision on a highway at night between an unlighted standing vehicle and one that is moving is frequently attended with

difficulty. The line of distinction between those cases where a question of fact for the jury is raised, and other cases where as a matter of law on plaintiff's evidence contributory negligence is manifest, is not always easy to draw, but from an examination of the plaintiff's evidence here we are led to the conclusion that this case falls within the latter category. In the two latest cases on the subject, *Tyson v. Ford,* 228 N. C., 778, 47 S. E. (2d), 251, and *Riggs v. Oil Corp.,* 228 N. C., 774, 47 S. E. (2d), 254, on facts similar to those in evidence here, judgments of nonsuit were upheld. In the *Tyson case, Chief Justice Stacy* cites the recent decisions of this Court on the subject, on one side or the other of the question again presented by this appeal, and we think the ruling of the court below in this case is supported by the cases referred to. *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608; *Pike v. Seymour,* 222 N. C., 42, 21 S. E. (2d), 884; *Atkins v. Transportation Co.,* 224 N. C., 688, 32 S. E. (2d), 209; *McKinnon v. Motor Lines,* 228 N. C., 132, 44 S. E. (2d), 735.

We have examined the cases cited by the plaintiff, but do not find them controlling. In *Clarke v. Martin,* 215 N. C., 405, 2 S. E. (2d), 10, the situation was complicated by the fact that a searchlight attached to the cab of the parked truck was casting its rays to the rear. In *Cummins v. Fruit Co.,* 225 N. C., 625, 36 S. E. (2d), 11, the plaintiff at the moment was blinded by the lights of an approaching car. In *Williams v. Express Lines,* 198 N. C., 193, 157 S. E., 197, the Court was of opinion that there was a reasonable inference that under the existing conditions the plaintiff could not have seen the truck in time to have avoided the injury; and this view was made the basis of decision in *Lambert v. Caronna,* 206 N. C., 616, 175 S. E., 303. *Hobbs v. Drewer,* 226 N. C., 146, 37 S. E. (2d), 121, and *Hobbs v. Coach Co.,* 225 N. C., 323, 34 S. E. (2d), 211, involved head-on collisions.

In *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637, where nonsuit was reversed, it was thought by the Court that the evidence did not point to the contributory negligence of the plaintiff with that clearness and singleness of inference which must obtain to justify taking the case from the jury.

A review of the decisions of this Court on this subject illustrates the statement in *Cole v. Koonce, supra,* that "practically every case must stand on its own bottom." On the evidence which appears of record in the case at bar, we hold that the judgment of nonsuit was properly entered.

Affirmed.