JOE DAWSON v. SEASHORE TRANSPORTATION COMPANY, INC.

(Filed 2 March, 1949.)

**1. Automobiles § 8d—**

> While a motorist is not under duty to anticipate that an unlighted vehicle may be standing on the traveled portion of the highway without flares or other warning, he is still under duty to keep a proper lookout and proceed as a reasonably prudent person would under the circumstances.

**2. Negligence § 19c—**

> Since the burden of proof on the issue of contributory negligence is upon defendant, nonsuit on the ground of contributory negligence should be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom.

**3. Automobiles §§ 8d, 18h (3)—**

The evidence tended to show that in driving down grade nearing an underpass plaintiff ran into a dense fog mixed with smoke which limited visibility to about nine feet, that he immediately slowed to fifteen or twenty miles per hour, and, after proceeding six or eight yards, ran into the rear of defendant's bus, which was stopped about the center of plaintiff's lane of traffic without lights, flares or other warning signals. *Held:* The evidence is insufficient to establish contributory negligence on the part of plaintiff as a matter of law, and nonsuit on this ground was error.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1948, of WILSON.

Civil action to recover for personal injuries alleged to have been sustained as a result of the negligence of the defendant.

It is disclosed by the plaintiff's evidence that he was driving his automobile between 7:00 and 7:30 o'clock p.m., on the night of 7 December, 1946, along U. S. Highway 301-A, in the corporate limits of the town of Wilson. The highway is four lanes wide and the north and south lanes are separated by a parkway. The plaintiff was proceeding north on his right-hand side of the northbound lane of the highway at about 20 or 25 miles an hour. Foggy weather had prevailed for several days. When the plaintiff was nearing the underpass of the Norfolk Southern Railroad, going down grade, he ran into a streak of dense fog mixed with smoke, coming from the town dump nearby. The fog and smoke made visibility so poor that he could see only about 9 feet in front of him. He immediately slowed down to 15 or 20 miles per hour, and after proceeding 6 or 8 yards in this dense fog and smoke, he ran into the rear end of the defendant's bus, which was stopped about the center of the northbound lane without lights, flares or other signals as a warning of its presence. Almost immediately, and before the three occupants of the plaintiff's car could get out, two other cars following plaintiff's vehicle, ran into the back of plaintiff's car, knocking it back into the defendant's bus.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appealed to the Supreme Court.

*Connor, Gardner & Connor for plaintiff.*
*Lucas & Rand and Z. Hardy Rose for defendant.*

DENNY, J. The sole question presented on this appeal is whether or not the plaintiff, under the facts and circumstances disclosed by the evidence, was guilty of contributory negligence as a matter of law? We do not think so.

The appellee is relying upon *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; *Riggs v.*

*Oil Corp.,* 228 N.C. 774, 47 S.E. 2d 254, and *Sibbitt v. Transit Co.,* 220 N.C. 702, 18 S.E. 2d 203.

In the last cited case, Sibbitt was driving about 50 or 55 miles per hour. He saw blankets of smoke across the highway coming from fires on the side thereof, and put on his brakes and slowed down to approximately 30 or 40 miles per hour. He then proceeded about 50 or 60 yards in the smoke, when he saw a light flare on the left side of the road, which he mistook for an approaching automobile. When he saw this light he realized that the "smoke was a solid wall," and at the same time he saw the light "flare" he saw the "rear end of an oil truck," and immediately applied his brakes, but his automobile collided with the rear end of the tanker. In *Riggs v. Oil Corp., supra,* the plaintiff testified he was driving his car with the dimmers on, not exceeding 25 miles an hour along a street in the City of Kinston, in foggy weather with mist and rain, and could not see 5 feet ahead of him 5 feet above the ground. He also testified that under the existing weather conditions he could have seen an object down the highway for about 200 feet, but with the beam of his lights shining down and under the truck he did not see it in time to even attempt to put on his brakes. In *Tyson v. Ford, supra,* atmospheric conditions played no part. It was a clear, cold night, the plaintiff, according to his testimony, was operating his car too rapidly to stop it or turn to the left and avoid hitting a truck parked on the highway. The plaintiff was driving 40 to 45 miles per hour when he hit the truck. He testified he was familiar with the road "and as we rounded one curve and hit a small hill, then went over the hill, I suddenly saw a truck in the road ahead of me. . . . If I had seen it in time, I could have turned to the left and avoided striking it. . . . No car (was) coming from the opposite direction." In *Bus Co. v. Products Co., supra,* the facts disclose that the night was "dark, raining and foggy." Shortly before the collision the bus met a truck traveling in the opposite direction with lights dimmed, but that vehicle had passed before the collision occurred. The driver of the bus testified he was within 8 or 10 feet of the parked truck of the defendant, before he saw it and was too close to stop or turn. According to the testimony of the highway patrolman, with ordinary automobile lights under the conditions then existing normal vision was 75 feet. A further examination of the original record shows that plaintiff's driver testified that he was driving 35 miles an hour and "slackened his speed" as he passed the approaching vehicle, but the weather would not permit his front lights to "shine over 10 or 15 feet." There was no evidence of any sudden change in the atmospheric conditions, as there is in the case now before us. In each of the above cases, the plaintiff was held guilty of contributory negligence as a matter of law.

A motorist is not under the duty to anticipate that an unlighted vehicle might be left on the traveled portion of the highway, without flares or other warning of danger, but even so, this does not relieve him of the duty of keeping a proper lookout and proceeding as a reasonably prudent person would under the circumstances. *Stacy, C. J.,* said, in *Tyson v. Ford, surpa:* "The test of liability for negligence, primary or contributory, is the departure from the normal conduct of the reasonably prudent man, or the care and prevision which a reasonably prudent person would employ in the circumstances. The rule is constant, while the degree of care which a reasonably prudent person is required to exercise varies with the exigencies of the occasion. *Diamond v. Service Stores,* 211 N.C. 632, 191 S.E. 355. For this reason, no factual formula can be laid down which will determine in every instance the person legally responsible for a rear-end collision on a highway at night between a standing vehicle and one that is moving. 'Practically every case must "stand. on its own bottom." ' *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637."

Moreover, the burden of proof on the issue of contributory negligence is upon the defendant, and a judgment of nonsuit on this ground should not be granted unless the plaintiff's evidence, taken in the light most favorable to him, so clearly establishes such negligence that no other reasonable inference or conclusion can be drawn therefrom. *Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 131; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *McCrowell v. R. R.,* 221 N.C. 366, 20 S.E. 2d 352; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Hayes v. Telegraph Co.,* 211 N.C. 192, 189 S.E. 499.

Consequently, we are not inclined to hold that where an automobile was being driven at a speed of 20 to 25 miles per hour, in foggy weather without difficulty for lack of vision, and suddenly entered a dense streak of fog and smoke that cut down visibility to "about three yards," and the automobile collided with the rear end of an unlighted bus, which had been left on the traveled portion of the highway, before the automobile had proceeded under such conditions more than 6 or 8 yards, at a speed of not more than 15 or 20 miles per hour, that the driver of such automobile was guilty of contributory negligence as a matter of law. This is a border line case, and for that very reason, we think the issues of negligence and contributory negligence ought to be submitted to a jury. See the second line of decisions in *Tyson v. Ford, supra; Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793, and *Moseley v. R. R.,* 197 N.C. 628, 150 S.E. 184.

The judgment of the court below is
Reversed.