DR. LANDIS G. BROWN v. W. B. & S. BUS LINES, INC.

(Filed 25 May, 1949.)

1. **Negligence § 19c—**

   Nonsuit on the issue of contributory negligence is proper only when plaintiff's own evidence establishes this defense as the sole reasonable deduction that may be drawn therefrom.

2. **Automobiles § 18h (3)—Plaintiff's evidence held to show contributory negligence as matter of law in hitting bus parked on highway without lights.**

   Plaintiff's own evidence tended to show that he was driving along a straight highway at nighttime at 50 miles per hour, that he first saw defendant's bus, which was standing stationary on the highway with only its clearance lights burning, when it was outlined by the lights of an approaching car, that at the time he could see only 100 to 125 feet in his direction of travel, and that he endeavored to stop as soon as he saw the bus but that it was then too late to avoid the collision. *Held:* The sole permissible conclusion from plaintiff's evidence is that he was driving at a speed at which he was unable to stop within the radius of his lights and that the collision and injury proximately resulted therefrom, and therefore defendant's motion for nonsuit should have been allowed.

3. **Automobiles § 8d—**

   One who operates a motor vehicle at night must take notice of the existing darkness and must not exceed a speed which will enable him to stop within the radius of his lights.

APPEAL by defendant from *Burney, J.,* September Term, 1948, of BRUNSWICK. Reversed.

This was an action to recover damages for a personal injury sustained when an automobile driven by plaintiff collided with the rear of defendant's bus. The collision was alleged to have been caused by the negligence of the defendant in stopping its unlighted bus on the highway. The defendant denied negligence on its part, and further pleaded the contributory negligence of the plaintiff as a bar to his action.

The issues thus raised were answered by the jury in favor of plaintiff, and from judgment on the verdict defendant appealed.

*Stevens, Burgwin & Mintz for plaintiff, appellee.*

*Harriss Newman and Rountree & Rountree for defendant, appellant.*

DEVIN, J. The only question here presented is the propriety of the ruling of the trial court in denying defendant's motion for judgment of nonsuit. The motion was based upon the ground that contributory negligence on the part of the plaintiff was manifest from his own testimony, and that no other reasonable inference could be drawn therefrom than

that his negligence was a proximate contributing cause of his injury. The determination of this question necessitates examination of plaintiff's testimony, giving him the benefit of every reasonable inference in his favor to be drawn therefrom.

The plaintiff testified that on the evening of 19 October, 1947, about 6:40 p.m., he was driving his automobile in an easterly direction on highway 17, at a speed of 50 miles an hour. The road was straight and practically level. Plaintiff's automobile was in good condition and his driving lights in working order. Several miles east of Shallotte he noticed in front of him on his side of the road an unlighted object, 100 to 125 feet distant. This was outlined by the lights of an automobile approaching from the opposite direction, and the object proved to be defendant's bus. Plaintiff applied his brakes and skidded 37 steps, but was unable to stop before striking the rear of the bus. He said he had almost stopped, and that if he had had 5 more feet he could have avoided it. The only lights burning on the bus were two rear clearance lights, one on each side of the top. Plaintiff was not blinded by the lights of the oncoming automobile. He said with the bus in front and lights approaching on another car his lights would not shine down the road farther than 100 to 125 feet, the distance at which he first observed an object on the road. He testified: "When I first saw the bus outlined in the headlights of the oncoming car I did not know what it was. All I could tell was that there was something directly in front of me rather large. I detected no lights on the rear of this object. I continued on until just about the time it would take to recognize something in front of me and put on brakes. As soon as I found something in front of me, I began to stop—that proved to be too late to avoid the collision."

This case presents another instance of the difficulty of determining the line between cases where opposing inferences raise questions for the jury and those where the contributory negligence of the plaintiff appears from his own testimony so clearly that no other conclusion can reasonably be drawn therefrom. *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623. As *Chief Justice Stacy* observed in *Tyson v. Ford,* 228 N.C. 778, 28 S.E. 2d 771, "the line of demarcation may be difficult to plot." The general principles of law involved seem well settled, but their application to particular facts is not always easy. However, a careful consideration of the plaintiff's testimony as set out in the record leaves us with the impression that only the inference of negligence on his part can reasonably be deduced therefrom. Driving in the darkness at 50 miles an hour, he could see only 100 to 125 feet in the direction in which he was moving. With visibility thus limited in relation to his speed, as soon as he discovered the bus in front of him he endeavored to stop but was unable to do so before striking it. He testified if the bus had been five feet farther

away he could have stopped in time to have escaped injury. As he expressed it, "As soon as I found something in front of me, I began to stop—that proved to be too late to avoid the collision."

No other conclusion seems permissible but that plaintiff was driving his automobile at such speed that he was unable to stop within the radius of his lights, and that the collision and resultant injury proximately flowed therefrom. *Cox v. Lee, ante,* 155, 52 S.E. 2d 355; *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623; *Riggs v. Oil Co.,* 228 N.C. 774, 47 S.E. 2d 254; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 451; *Sibbitt v. Transit Co.,* 220 N.C. 702, 18 S.E. 2d 203; *Beck v. Hooks,* 218 N.C. 105, 10 S.E. 2d 608; *Stallings v. Transport Co.,* 210 N.C. 201, 185 S.E. 643; *Weston v. R. R.,* 194 N.C. 210, 139 S.E. 237. "One who operates a motor vehicle during the nighttime must take notice of the existing darkness which limits visibility to the distance his headlights throw their rays, and he must operate his motor vehicle in such manner and at such speed as will enable him to stop within the radius of his lights." *Cox v. Lee, ante,* 155, 52 S.E. 2d 355; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793; *Dawson v. Transportation Co., ante,* 36, 51 S.E. 2d 921; *Thomas v. Motor Lines, ante,* 122, 52 S.E. 2d 377.

We think the negligence of the plaintiff on his own testimony in the respect pointed out, combining and concurring with defendant's negligence, was a proximate contributing cause of his injury, barring recovery therefor, and that the defendant was entitled to have its motion for nonsuit allowed. For this reason the judgment below must be

Reversed.