Civil action to recover property damage sustained in motor vehicle collision allegedly resulting from actionable negligence of defendants.
The collision in question is alleged to have occurred at 2 o'clock a.m., on 19 August, 1948, on U.S. Highway No. 1 immediately south of the town of Rockingham, Richmond County, North Carolina. At the time, the International tractor and trailer owned by defendant Brasington, and operated by defendant Earl Bobo, and loaded with hogsheads of tobacco, was traveling in a northeasterly direction along said highway; and the auto-car tractor and trailer, owned by the plaintiff and operated by one James F. Vann, was also traveling in a northeasterly direction along said Highway, and following the said tractor and trailer of defendant Brasington.
Plaintiff alleges in pertinent part in his complaint: "6. That as the defendant Brasington's International tractor and trailer, loaded with tobacco, approached the intersection of U.S. Highway 1 with the Rockingham-Hamlet Airport hard-surfaced road, the defendant Earl (Bobo) without any warning signals of any type, immediately stopped his tractor and trailer on said Highway and before the driver of the plaintiff's tractor and trailer, because of the absence of signal, could determine that the defendant's tractor and trailer had immediately stopped on said Highway, the plaintiff's tractor and trailer was too close to the defendant's tractor and trailer to avoid hitting it, although the plaintiff's driver immediately applied his brakes; that thereupon the plaintiff's tractor and trailer hit the rear end of the defendant Brasington's tractor and trailer, ramming the front end of the plaintiff's tractor and trailer up under the rear of the defendant Brasington's tractor and trailer, greatly damaging the tractor and trailer of the plaintiff."
And plaintiff alleges as acts of negligence on the part of defendant proximately causing the damage of which he complains, briefly stated: (1) That the defendant Earl Bobo carelessly and negligently brought his tractor and trailer from a reasonable running speed to an immediate stop on U.S. Highway No. 1 in the nighttime without giving any hand signal of any type whatsoever to warn the driver of the plaintiff's tractor and trailer, and without employing any electrical warning signal on the rear of his trailer to warn the vehicles traveling behind him and in the same direction; and (2) "that defendants Earl (Bobo) and Brasington were careless and negligent in the operation of said International tractor and trailer in that they did not have the proper electrical equipment on the rear of said trailer to warn vehicles traveling behind said tractor and trailer and if there were some warning electrical equipment on the rear of said defendant's tractor and trailer, the same was not in working order and the defendants knew or should have known that the same was not working. The defendants Earl (Bobo) and Brasington were operating *Page 205 
said International tractor and trailer in the night-time on U.S. Highway No. 1 in direct violation to Section 20-154 of the General Statutes of North Carolina, and as a result of carelessness and negligence of the defendants Earl (Bobo) and Brasington, the driver of the plaintiff's tractor and trailer could not ascertain that the defendant's tractor and trailer was going to stop and when he did, it was too late for the plaintiff's driver, Vann, to stop his tractor and trailer, although he had good air brakes."
Defendants, in answer thereto, deny the allegations of negligence on their part, and also deny that "the tractor and trailer of the plaintiff was being driven at a reasonable rate of speed and at a lawful distance behind or to the rear of the tractor and trailer of the defendant, H. W. Brasington."
And, in further answer to the complaint, "and as a complete bar to plaintiff's alleged cause of action, and asking for damages against the plaintiff," the defendants aver: That as defendant Earl Bobo approached the suburbs of the town of Rockingham, N.C., it became necessary to cross a much traveled highway, running from Rockingham by the home of J. D. Chalk, at a filling station; that as Bobo came to the intersection a car was approaching him, and said Bobo slackened his speed to possibly five miles per hour in order to avoid colliding with said car; that the tractor and trailer of Brasington carried electric lights on the rear as required by the Motor Vehicle Laws of the different States, and, as Bobo slackened his speed and applied his brakes, he gave proper warning of his slowing down for the intersection both by the lights on the rear and body of the cab of the tractor and trailer; that the driver of plaintiff's tractor and trailer negligently and carelessly drove the tractor of plaintiff into the tractor of defendant Brasington with great force, — damaging it to the extent alleged; and "that the driver of plaintiff's tractor was not driving said tractor within the speed limits provided by the Motor Vehicle Laws of the State of North Carolina, and the lights on the tractor of the plaintiff were defective and if the lights on the plaintiff's tractor had been in proper shape and the driver of the plaintiff's tractor had been observing the road and other motor vehicles thereon, he could have and should have slowed down the tractor of the plaintiff, or, if necessary, have stopped the same without driving into the rear of the trailer of the said Brasington, and, because of said negligence of the driver of the plaintiff's tractor, the trailer of the defendant Brasington was smashed in the rear and damaged to the extent of $540.00." And defendant Brasington prayed the recovery of the amount alleged for damages to his trailer.
Plaintiff, replying to the answer of defendants, admits that as defendant Bobo approached the suburbs of the town of Rockingham he did come to the intersection of a side road which crosses U.S. Highway No. 1, *Page 206 
but denies that at the time a car was approaching said intersection, and denies that defendants gave any warning of stopping on the highway. And, plaintiff, replying to the further answer, alleges that the negligence of the agent of Brasington is imputed to him, and thus "by his own carelessness and negligence contributed to the damage of the defendant Brasington's trailer and tractor, if any," by the acts of negligence substantially as set forth in the complaint.
Upon the trial in Superior Court, J. F. Vann as a witness for the plaintiff, testified in pertinent part, briefly stated: That in August 1948 at the time of the collision, he had been a truck driver for five years — four years of it for plaintiff; that at time in question he was driving a auto-car tractor and trailer for plaintiff, — returning unloaded from Florida; that the tractor and trailer weighed over 22,000 pounds; that the tractor had straight air brakes, and the trailer straight air and vacuum brakes; that the lights on the tractor and trailer were in excellent shape, and on level road he could see down it with the lights between 200 and 300 feet; that after leaving Summerton, South Carolina, about 8 o'clock in the evening, and between 15 and 20 miles south of Rockingham he came up behind a tractor and trailer loaded with hogsheads of tobacco, and followed it from then on; that the tractor and trailer ahead was running between 40 and 45 miles per hour, the same as he was; that he was driving between 110 and 115 feet behind; that by his lights he could see the tractor and trailer ahead; that it, the trailer ahead, had 3 or 4 little clearance lights on the back of it; that the weather was clear; that the road of black asphalt, hard-surfaced for eighteen feet, was level at the point; that as he proceeded along this road, the truck of defendant Brasington stopped; that he did not see any hand signal given by the driver extending his hand; that there was no electric signal of any type on the back of the trailer indicating an intended stop; that defendant's driver was driving on the right-hand side of the road, as was plaintiff's driver when he determined that the truck ahead had stopped; that as soon as he could see that it had stopped, he applied his brakes but he was "too close on him," and the front part of his tractor hit the rear of the forward trailer; that he couldn't tell that the driver of the forward truck was slowing down and just stopped right in the road. And in answer to this question: "And when you determined that he had stopped you put on your brakes?", the witness replied, "Yes, sir."
This witness, under cross-examination, testified in pertinent part: That the brakes on this tractor and trailer were separate installations; that they could easily stop the vehicle, unloaded, in a short distance, — the brakes being built for loaded trucks; that he proceeded along behind Mr. Bobo for approximately 15 to 20 miles when he (Bobo) stopped at the hill; that he, the witness, is familiar with the roads around Rockingham; *Page 207 
that he had been running down there (meaning Miami) for about three years; that he knew that it is a congested area around at the top of that hill entering Rockingham at the intersection and the point of collision; that it is a much congested area, and going downhill where a road turns out to the mills at East Rockingham; that he was coming to the hill when the accident happened, — between one and two (meaning o'clock); that Earl Bobo did not slow down at all until he got to the intersection: Quoting the witness, "When I seen that he had stopped I was about 75 feet from him . . . he was sitting still in the road when I first seen him and I was 75 feet behind him . . . when I saw he was stopped I put on my brakes. The brakes did not have time to take hold. I was too close on him." Then in answer to this question, "There was a slight interval before the brakes — after you pressed the foot brakes — before the brakes catch hold?", the witness answered: "You running 45 or 40 miles and hit your brakes it takes a little time to stop with that much weight behind you . . . my brakes hadn't taken hold at the time that I hit it."
Plaintiff also offered evidence tending to show that his tractor was so damaged, as a result of the collision, that its reasonable market value of $6,000 immediately before the accident was reduced to $400 or $500 immediately after the accident for salvage.
At the conclusion of the evidence defendant moved for judgment as of nonsuit, and agreed to take a voluntary nonsuit on the counterclaim against plaintiff. Thereupon, the court being of opinion that the action of plaintiff should be nonsuited, so ordered and adjudged.
Plaintiff appeals therefrom to Supreme Court, and assigns error.
Two questions are presented by appellant for decision on this appeal:
First, it is contended that defendants do not plead the contributory negligence of the driver of plaintiff's tractor and trailer. True, the acts of negligence averred against the said driver are not characterized as "contributory negligence," but defendants plead "as a complete bar to plaintiff's alleged cause of action" facts and circumstances which amount to contributory negligence. Therefore, the contention so made is not well founded.
Second, plaintiff contends that evidence offered on the trial below, taken in the light most favorable to plaintiff, is sufficient to take the case to the jury.
As to this contention, if it be conceded that there is evidence tending to show that the defendant Earl Bobo was negligent in the operation of *Page 208 
the tractor and trailer of defendant Brasington, and that such negligence was a proximate cause of the collision, the evidence as to negligence on the part of the driver of plaintiff's tractor leads to the inevitable conclusion as a matter of law that he was guilty of negligence which caused or contributed to the collision and consequent damage to plaintiff's tractor and trailer. The evidence brings the case within the line of decisions listed by Stacy, C.J., in Tyson v. Ford, 228 N.C. 778, 47 S.E.2d 251, in which contributory negligence has been held as a matter of law to bar recovery. To like effect are these later cases: Bus Co. v. Products Co.,229 N.C. 352, 49 S.E.2d 623; Cox v. Lee, 230 N.C. 155, 52 S.E.2d 355; Brown v. Bus Lines, 230 N.C. 493, 53 S.E.2d 539; Wilson v. Motor Lines,230 N.C. 551, 54 S.E.2d 53; Hollingsworth v. Grier, ante, 108, and cases cited.
It is sufficient to defeat recovery if plaintiff's negligence is one of the proximate causes of the injury. It need not be the sole proximate cause. Wilson v. Motor Lines, supra, and cases there cited.
After full consideration of assignments brought forward and presented, error is not made to appear. Hence, the judgment below is
Affirmed.