GLENN M. BURCHETTE v. DAVIS DISTRIBUTING COMPANY OF DURHAM, INCORPORATED.

(Filed 23 November, 1955.)

**1. Constitutional Law §§ 8a, 10c—**

It is the duty of the courts to construe a statute as written, the wisdom of the enactment being the legislative function.

**2. Automobiles §§ 41f, 42d—**

Under the amendment of G.S. 20-141 (e) by Chapter 1145, Session Laws of 1953, the failure of a motorist to stop his vehicle within the radius of his lights or the range of his vision may not be held negligence *per se* or con-

tributory negligence *per se*, provided the motor vehicle is not being operated in excess of the maximum speed limit under the existing circumstances as prescribed by G.S. 20-141 (b).

**3. Automobiles § 42d—**

The evidence tended to show that the operator of a tractor-trailer, in the act of turning around, backed on the highway while dark in such manner that the trailer was across his left of the highway while the tractor was on his right with its lights shining down the road, and that plaintiff, traveling in the opposite direction, was blinded by the lights of the tractor and struck the trailer. There was no evidence that plaintiff was exceeding the applicable speed limit prescribed by G.S. 20-141 (b) (4). *Held:* Under the 1953 amendment to G.S. 20-141 (e) defendant's motions for nonsuit on the grounds of contributory negligence were properly denied.

**4. Pleadings § 22—**

The trial court has the discretionary power to permit plaintiff to amend his complaint, prior to the introduction of any evidence, so as to allege damages in a larger amount. G.S. 1-163.

APPEAL by defendant from *Rousseau, J.*, at June 1955 Civil Term, of WILKES.

Civil action to recover for damages to person and property allegedly sustained by plaintiff as result of actionable negligence by defendant.

The uncontradicted facts shown in the record and case on appeal show that this action grows out of a collision on morning of 31 January, 1955, at a point on North Carolina Highway 268, running from town of North Wilkesboro to Elkin, North Carolina, about one mile east of said town. The collision occurred before seven o'clock—and before the break of day. It was still dark. The highway was straight for considerable distance, two to three-tenths of mile to the east, and something like a half mile or more to the west from the point of collision, between plaintiff's half-ton truck, hereinafter referred to as the truck, operating in westerly direction by plaintiff, and defendant's tractor-trailer operated by its agent Calvin Caley Bryant, hereinafter referred to as Bryant, on a mission for it,—the tractor-trailer in the act of turning around backed on the highway in such manner that same was in an "L" shape—the tractor on its right-hand side, that is, south side of highway headed east, and the trailer across the highway to the north side.

The parties stipulated that the accident occurred outside of the city limits of North Wilkesboro and not within a speed zone, on the open highway; and that there is a driveway or roadway leading off to a residence on the north side of the road; and one such roadway on the right side of the road—which the evidence indicates to be the south side.

Plaintiff alleges in his complaint, and upon trial in Superior Court offered evidence tending to show that the lights of the tractor were

shining bright down the highway facing him, so that he was unable to see the trailer and to stop in time to avoid striking it.

And plaintiff testified that when he came around the curve, east of the point of the collision, he was traveling 35 to 40 miles per hour; that he saw the lights after he first came around the curve; that the lights were on bright; that the lights blinded him; that he blinked his lights "two times if not three"; and that "the man never dim his."

And plaintiff further testified that the first time he saw the trailer was after he had passed the headlights of the tractor; that there was not any portion of the highway open in his lane of traffic; that the trailer was connected to the tractor; that he did not see any lights on the trailer itself; that there were not any lights on it; and that he was operating his truck between 35 and 40 miles per hour at the time of the impact—"the time I hit the tractor-trailer" at the rear wheels.

Plaintiff testified in detail as to his injuries and the extent thereof.

Plaintiff alleges that as the proximate cause of the collision and the resulting injuries to plaintiff's person and damage to his property, the defendant was negligent in these respects:

"(a) . . . he, or his agent, operated said motor vehicle negligently, carelessly and heedlessly, in willful and wanton disregard of the rights of the plaintiff and others traveling along said roadway, and at a speed and in a manner so as to endanger and be likely to endanger the person and property of the plaintiff;

"(b) . . . he suddenly backed said vehicle across the roadway without exercising a proper lookout for oncoming traffic and completely blocking said roadway;

"(c) . . . he failed to dim his lights on said tractor, blinding the plaintiff in the approaching car;

"(d) . . . he failed to yield the right of way to the plaintiff;

"(e) . . . he backed said motor vehicle into the highway in such a manner as to leave the trailer across the lane of traffic of the plaintiff and leave it in such a manner that it was not possible to see the same."

On the other hand, defendant, answering the complaint, denies that it was negligent in any respect, and avers that allegations just stated are untrue and are denied; but that if the court and jury should find that it was negligent, plaintiff was guilty of contributory negligence which is pleaded in bar of his right to recover.

And for a further answer and counterclaim defendant avers that at the time alleged in the complaint Bryant was operating the tractor-trailer of defendant in a careful and prudent manner and with due regard to the rights and safety of others using the highway when plaintiff came down the highway in a negligent, careless and reckless manner and at a high rate of speed, and in excess of that speed allowed by law,

and that the collision and resulting damages were due to the negligence and carelessness of plaintiff as the sole and proximate cause in that:

"(a) He operated his vehicle at a high and excessive rate of speed, to wit, in excess of 55 miles per hour;

"(b) He failed to operate said vehicle within the range of his lights;

"(c) He failed to keep his vehicle under proper control and to stop within the range of his lights and avoid a collision;

"(d) He failed to observe the oncoming traffic;

"(e) When he saw the lights of the defendant's vehicle on the highway he failed to reduce his speed and bring his vehicle under proper control;

"And that the negligence on the part of the plaintiff as hereinabove alleged is pleaded in bar of the plaintiff's right to recover" by reason of which defendant's vehicle has been damaged in amount stated.

The witness, Bryant, testifying in behalf of defendant, gave a narrative of events leading up to the collision substantially as follows: That on the morning of 31 January, 1955, he was bringing a load into Chick-Haven Farm, about two to three miles out, south of Highway No. 268, that is, on the right-hand side going east; that he passed the road leading into this farm, and started to turn around; that he pulled up far enough to back into a side road on left-hand or north side of the highway; that he looked both ways at the time he started to back, and "did not see anything approaching"; that his headlights were on dim,—"kind of shining off to the right of the road"; that the left-hand front wheel of the tractor "was sitting on the right-hand side of the line, going east," and that the back wheel "was sitting right on top of the center line"; that there were lights on the trailer; that he had the door open "looking to the back" as he was turning around; that he backed the tractor over on his left side of the road, and the entire left-hand side was blocked; that "the collision took place just about where the trailer is fastened to the tractor, and then went on back to the back end"; and that in his opinion at the moment of the impact plaintiff was traveling at 55 miles per hour. This witness also testified that plaintiff told him the same day of the collision, and at the hospital, that his windshield was fogged up and "he didn't see the truck until he got right on it and he did not put on brakes at all."

The case was submitted to the jury upon five issues, three in respect to plaintiff's alleged cause of action, that is, as to (1) negligence of defendant, (2) contributory negligence of plaintiff, and (3) damages, and two in respect to defendant's alleged counterclaim, that is, (4) as to negligence of plaintiff, and (5) damages. The jury answered the first issue "Yes," the second "No," the third "$6,000," and the fourth "No." Judgment was signed by the court in accordance with the ver-

dict. Defendant excepted, and appeals to Supreme Court, and assigns error.

*W. H. McElwee for plaintiff, appellee.*
*Hayes & Hayes for defendant, appellant.*

WINBORNE, J. While appellant brings forward for consideration on this appeal several assignments of error, those two, Numbers 2 and 3, based upon exceptions to denial of its motions, aptly made, for judgment as of nonsuit are most strongly stressed. The principal argument advanced is that upon plaintiff's own statement as to the facts of the case he was guilty of contributory negligence as a matter of law. And defendant relies upon the principle enunciated in *Weston v. R. R.* (1927), 194 N.C. 210, 139 S.E. 237, that a motorist must operate his motor vehicle at night in such manner and at such speed as will enable him to stop within the radius of his lights, or within the range of his vision, and that failure to do so is negligence. The principle has been applied in these cases: *Baker v. R. R.* (1933), 205 N.C. 329, 171 S.E. 342; *Lee v. R. R.* (1937), 212 N.C. 340, 193 S.E. 395; *Beck v. Hooks* (1940), 218 N.C. 105, 10 S.E. 2d 608; *Sibbitt v. Transit* (1942), 220 N.C. 702, 18 S.E. 2d 203; *Dillon v. Winston-Salem* (1942), 221 N.C. 512, 20 S.E. 2d 845; *Pike v. Seymour* (1942), 222 N.C. 42, 21 S.E. 2d 884; *Austin v. Overton* (1942), 222 N.C. 89, 21 S.E. 2d 887; *Montgomery v. Blades* (1943), 222 N.C. 463, 23 S.E. 2d 844; *Allen v. Bottling Co.* (1943), 223 N.C. 118, 25 S.E. 2d 388; *Atkins v. Transportation Co.* (1944), 224 N.C. 688, 32 S.E. 2d 209; *McKinnon v. Motor Lines* (1947), 228 N.C. 132, 44 S.E. 2d 735; *Riggs v. Oil Corp.* (1948), 228 N.C. 774, 47 S.E. 2d 254; *Tyson v. Ford* (1948), 228 N.C. 778, 47 S.E. 2d 251; *Bus Co. v. Products Co.* (1948), 229 N.C. 352, 49 S.E. 2d 623; *Cox v. Lee* (1949), 230 N.C. 155, 52 S.E. 2d 355; *Brown v. Bus Lines* (1949), 230 N.C. 493, 53 S.E. 2d 539; *Wilson v. Motor Lines* (1949), 230 N.C. 551, 54 S.E. 2d 53; *Hollingsworth v. Grier* (1949), 231 N.C. 108, 55 S.E. 2d 806; *Marshall v. R. R.* (1950), 233 N.C. 38, 62 S.E. 2d 489; *Morris v. Transport Co.* (1952), 235 N.C. 568, 70 S.E. 2d 845; *Morgan v. Cook* (1952), 236 N.C. 477, 73 S.E. 2d 296; *Express Co. v. Jones* (1952), 236 N.C. 542, 73 S.E. 2d 301; *Singletary v. Nixon* (1954), 239 N.C. 634, 80 S.E. 2d 676; *Sheldon v. Childers* (1954), 240 N.C. 449, 82 S.E. 2d 396.

In connection with these cases it must be borne in mind that the speed statute, G.S. 20-141, in effect on 31 January, 1955, the date on which the collision involved in the present action took place, in so far as pertinent to case in hand, declares:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.

"(b) Except as otherwise provided in this chapter, it shall be unlawful to operate a vehicle in excess of the following speeds:

1. Twenty miles per hour in any business district;

2. Thirty-five miles per hour in any residential district;

3. Forty-five miles per hour in places other than those named in paragraphs 1 and 2 of this subsection for vehicles other than passenger cars, regular passenger vehicles, pick-up trucks of less than one ton capacity, and school buses loaded with children;

4. Fifty-five miles per hour in places other than those named in paragraphs 1 and 2 of this subsection for passenger cars, regular passenger carrying vehicles, and pick-up trucks of less than one ton capacity.

"(c) The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed . . . when a special hazard exists with respect . . . other traffic or by reason of weather . . . conditions, and speed shall be decreased as may be necessary to avoid colliding with . . . any vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(d) . . .

"(e) The foregoing provisions of this section shall not be construed to relieve the plaintiff in any civil action of the burden of proving negligence upon the part of the defendant as the proximate cause of an accident."

However, the General Assembly passed an Act, Chapter 1145 of 1953 Session Laws amending G.S. 20-141 (e) by adding thereto the proviso "that the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits described by G.S. 20-141 (b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence *per se* or contributory negligence *per se* in any civil action, but the facts relating thereto may be considered with other facts in such action in determining the negligence or contributory negligence of such operator."

And in Section 3 of Chapter 1145 of 1953 Session Laws the General Assembly declared that "All laws and clauses of laws in conflict with this act are hereby repealed."

So the courts must interpret the statute as it is written,—the wisdom of it being the legislative function.

Hence, interpreting the amendatory act, if the driver of a motor vehicle who is operating it within the maximum speed limits prescribed by G.S. 20-141 (b) fails to stop such vehicle within the radius of the lights of the vehicle or within the range of his vision, the courts may no longer hold such failure to be negligence *per se,* or contributory negli-

gence *per se,* as the case may be, that is, negligence or contributory negligence, in and of itself, but the facts relating thereto may be considered by the jury, with other facts in such action in determining whether the operator be guilty of negligence, or contributory negligence, as the case may be. However, this provision does not apply if it is admitted, or if all the evidence discloses, that the motor vehicle was being operated in excess of the maximum speed limit under the existing circumstances as prescribed under G.S. 20-141 (b).

Therefore, the principle applied in the cases hereinabove cited is modified only in accordance with the provisions of the amendatory act as so interpreted here by this Court.

In the light of the amendatory act, as so interpreted, the issue as to contributory negligence of plaintiff was one for the jury in the instant case. All the evidence is to the effect that the speed of the plaintiff's truck was within the maximum allowed by G.S. 20-141 (b) (4). Hence the motions for judgment as of nonsuit were properly overruled.

Appellant assigns as error the ruling of the trial court in permitting plaintiff to amend his complaint so as to allege damage for personal injury in sum of $10,000 in lieu of $3,500 as originally set forth, to which exceptions Numbers 1 and 4, on which assignments of error of like numbers are based. The record of case on appeal shows that upon reading the pleadings and before any evidence was introduced plaintiff made motion to be allowed to so amend his complaint. The trial judge, in his discretion, allowed the motion. It is sufficient to say that this ruling is accordant with power vested in the judge by statute, G.S. 1-163.

Other assignments of error have been given due consideration and in them prejudicial error is not made to appear.

Therefore, in the judgment from which this appeal is taken, the Court finds

No error.