HARRY E. HOLLINGSWORTH v. RICHARD GRIER.

(Filed 9 November, 1949.)

**1. Negligence § 16—**

In negligent injury actions, demurrer on the ground of contributory negligence should not be sustained unless such negligence appear patently and unquestionably upon the face of the complaint.

**2. Automobiles §§ 8d, 18a—**

The complaint alleged that plaintiff was driving his car on his right side of the highway on a cloudy, foggy and rainy night, when he suddenly came upon defendant's car which was parked without lights in his lane of traffic, and that immediately upon seeing the parked vehicle, plaintiff swerved his car to the left, but did not have time to avoid the collision. *Held:* Defendant's demurrer should have been sustained on the ground that contributory negligence appeared patently and unquestionably upon the face of the complaint.

APPEAL by defendant from *Bennett, Special Judge,* August Term, 1949, of CABARRUS.

Civil action to recover damages arising from a rear-end collision with defendant's automobile alleged parked on the highway.

The gist of the complaint follows:

3. That on the 21st day of January, 1949, about 7 p.m. the plaintiff was operating his automobile in a northern direction on Highway 29, about 200 yards north of Lowe's Trading Center in Kannapolis at a rate of speed of 30 to 35 miles per hour in his right-hand lane of said highway on a slight downgrade, the weather being cloudy and foggy with a light drizzle of rain falling, when he suddenly came upon the automobile of the defendant parked directly in his lane of traffic without any lights.

4. That immediately upon seeing the automobile of the defendant parked directly in the middle of the right-hand lane of said highway, the

plaintiff swerved his car to the left as far as he possibly could within the limit of time and space but was unable to avoid collision with the automobile of the defendant which said collision caused the damages hereinafter alleged.

The defendant interposed a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that upon the face of the complaint, the plaintiff's contributory negligence is manifest and apparent. The defendant also moved for judgment on the pleadings.

From judgment overruling the demurrer and denying the motion for judgment on the pleadings, the defendant appeals, assigning error.

*J. Laurence Jones, C. M. Llewellyn and Sam H. Wilds for plaintiff, appellee.*

*Hartsell & Hartsell for defendant, appellant.*

STACY, C. J. The question for decision is the sufficiency of the complaint to survive the demurrer. The trial court thought it good as against the challenge. We are inclined to a different view.

True it is, a complaint may not be overthrown by demurrer on the ground of the plaintiff's contributory negligence unless such negligence appear patently and unquestionably upon the face of the complaint. *Ramsey v. Nash Furn. Co.,* 209 N.C. 165, 183 S.E. 536. But here, we think such negligence does so appear on the face of the complaint. The plaintiff says he saw the defendant's automobile too late to avoid a collision. This was negligence on his part which contributed to the injury, as he was evidently "outrunning his headlights" or inattentive to his own safety. Note the allegation is not that the plaintiff was unable to see the defendant's car in time to avoid a collision, but that he did not see it in time. He omits to state whether he was keeping a proper lookout or the collision was without fault on his part. The subject is fully discussed in the following, recent cases: *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; *Riggs v. Oil Co.,* 228 N.C. 774, 47 S.E. 2d 254; *Bus Co. v. Coble Dairy Products Co.,* 229 N.C. 352, 49 S.E. 2d 623; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355.

No doubt the plaintiff may desire to reform his pleading.

Reversed.