## WILLIE A. BLANTON v. DORIS MUNDAY FRYE.

(Filed 13 December, 1967.)

**1. Automobiles § 10—**

The fact that a motorist in driving her vehicle onto the highway from a driveway with the intention of crossing the first lane and turning left, has her vehicle stall so as to block the first lane, that she then releases the gears in hope that the vehicle would roll across the highway and attempts to restart the motor, both without avail, does not constitute a violation of the law against parking or obstructing the highway, and such motorist has only the duty to give passing motorists such notice of the danger created by her vehicle as the occasion permits.

**2. Evidence § 17—**

When the evidence tends to show that plaintiff was traveling east and approached a vehicle which had entered the highway from the south from a driveway and was standing where it had stalled in attempting to make a left turn on a highway, with its rear some three feet from the south shoulder and its front some one or two feet across the center line, the psysical evidence discloses that plaintiff driver was not in a position to see lights on the stationary vehicle if they had been burning, and his testimony that he did not see any lights on the stationary vehicle, is without probative force.

**3. Trial § 21—**

The court may not weigh the defendant's evidence on motion to nonsuit, but it may consider defendant's evidence which is not in conflict with that of plaintiff in ascertaining whether the evidence is sufficient to raise the issue for the jury.

**4. Automobiles § 75—** **Evidence held insufficient to show negligence on part of motorist having car stall on highway.**

The evidence tended to show that defendant entered the highway from a driveway on the south side of the highway, intending to make a left turn, and that when the rear of defendant's car was some two feet from the south shoulder of the road, the engine stalled and defendant was unable to restart the motor, and that the car would not roll by gravity when the gears were released. There was positive evidence that the lights were burning on defendant's vehicle. Plaintiff, traveling east, was blinded by the lights of oncoming traffic and did not see the stationary vehicle until he was some 50 feet therefrom, and, to avoid collision, drove off the highway to his right into the bank on the shoulder of the road, resulting in the injury in suit. *Held:* The evidence is insufficient to raise the issue of negligence for the jury, and nonsuit was properly entered.

APPEAL by plaintiff from *Latham, S.J.,* March 1967 Session, BURKE Superior Court.

This is a civil action to recover damages for injuries the plaintiff sustained when his automobile ran into the bank of Highway No. 70 in Burke County. The accident occurred at 9:30 p.m. on May 20, 1966. The plaintiff alleged his lane of travel east was completely blocked by the defendant's dark red Oldsmobile automobile

which was negligently parked in the highway without lights or flares, and that, in order to avoid a collision, he was forced off the highway, and suffered injury.

The plaintiff alleged, and testified, that a curve in the road, the dark color of the defendant's vehicle, and the blinding effect of lights on vehicles approaching from the east prevented his discovery of the defendant's vehicle until he was within 50 feet of the roadblock. ". . . I saw the red automobile in the road. I cut to the right to avoid hitting her right in the side and then I don't remember a thing until I was in the hospital. I was approximately 50 feet from the car, in the road, when I was no longer blinded. . . . Just as I saw the red automobile, . . . or whatever color it was, I didn't see any lights whatsoever on the automobile. . . ."

On cross-examination, the plaintiff admitted that 5 days after the accident he signed a statement which recited, ". . . When I first saw the car, I thought it was on my right in a road or driveway. I did hit my brakes before I cut to my right to avoid hitting it broadside. . . . (I)t was not moving at all. It did have the headlights on and sitting at an angle at about northwest." He testified the statement about the lights was not correct. The plaintiff's only other witness, Patrolman Chambers, arrived at the scene of the accident 3 or 4 minutes after it happened. He found the defendant's red automobile at an angle across the road. The rear was about 3 feet from the right edge of the surface and the front was 1 or 2 feet over the center line. He did not remember whether there were lights on any of the vehicles. Neither vehicle showed any observable damages. "He (plaintiff) told me that he didn't see the Frye car until he was right on it. . . . I can't definitely say . . . whether or not there was *(sic)* any lights on the car being driven by the defendant." The parties, by stipulation, admitted the doctor's report as evidence of the plaintiff's injuries.

The defendant testified: ". . . I pulled my car away from my mother-in-law's residence, pulled out into the highway on the main road and my car stopped. I was about crossways of the middle line. My motor just quit and I couldn't get it started, but I still had my lights on. I never did turn them off. I kept trying to start it and I saw the car coming toward me. He was coming pretty fast and it wouldn't roll back. I put it in park to try to re-start. It would not roll back and wouldn't start." On cross-examination, defendant admitted she went to a Justice of the Peace and paid off a ticket for failure to yield right-of-way. ". . . I couldn't hardly get off from work. I just went to the Justice of Peace and paid it off. On the day that I paid it off, I didn't feel . . . I was guilty. . . ."

The defendant's sister-in-law, a passenger in the Oldsmobile,

testified: ". . . She pulled out and the car stalled. We were at an angle and she tried to get it parked. I mean she tried to get it cranked and it wouldn't crank. So she tried to get it to roll and it wouldn't roll. . . . The lights were on the car in which I was riding and they were never turned off. . . ."

The Court sustained defendant's motion for nonsuit when renewed at the close of all the evidence. From the judgment dismissing the action, the plaintiff appealed.

*Byrd, Byrd & Ervin Law Firm /s/ John W. Ervin, Jr., for plaintiff appellant.*
*Patton & Starnes by Thomas M. Starnes for defendant appellee.*

HIGGINS, J. The pleadings present issues of defendant's negligence and plaintiff's contributory negligence. At the close of all the evidence, the Court, without assigning any reason, entered judgment of compulsory nonsuit. Either insufficient evidence of defendant's negligence or evidence of plaintiff's contributory negligence as a matter of law would sustain the judgment.

The parties admitted the accident occurred at night. At the time the plaintiff approached the scene of the accident, the defendant's Oldsmobile was at an angle across the south lane of U. S. Highway 70. The rear end was about 3 feet from the south shoulder. The front was 1 or 2 feet across the center line. The plaintiff was blinded by the lights of vehicles meeting him and failed to see the defendant's disabled automobile until he was "within 50 feet" or as he told the officer "until he was right on it".

All the evidence disclosed the defendant had left the home of her mother-in-law and attempted to enter U. S. Highway 70 from the south, intending to cross the south lane and travel west. However, as she entered the highway, the motor suddenly cut off. Her attempts to start the motor failed. The gears were released and the vehicle would not coast in either direction. The plaintiff cut sharply to his right, missed the defendant's vehicle, but struck a bank and sustained injuries.

All the evidence disclosed the defendant's efforts to start the engine failed. She released the gears but the force of gravity was not sufficient to move the vehicle. The defendant could not avoid stopping (stalling) on the highway. Her conduct was not in violation of the law against parking or obstructing the highway. *Saunders v. Warren,* 264 N.C. 200, 141 S.E. 2d 308; *Melton v. Crotts,* 257 N.C. 121, 125 S.E. 2d 396; *Meece v. Dickson,* 252 N.C. 300, 113 S.E. 2d 578.

In the emergency which had suddenly arisen, without fault on her part, it was the defendant's duty to give passing motorists such notice of the danger her vehicle created as the occasion permitted. She continued her efforts to start the engine and, according to her evidence, kept her lights on. The plaintiff alleged she had parked without lights. He testified he saw the automobile blocking his traffic lane. "I did not see any lights. . . . I cut to the right to avoid hitting her in the side". Not once did the plaintiff say the lights were not on, or that he could have seen lights had they been on. Obviously, the side view did not readily expose either the front or the rear lights. His statement that he did not see lights is without probative force. The physical evidence, in the light of the plaintiff's testimony, indicate he was not in a position to see lights on the defendant's vehicle. His testimony goes no further than to say "I did not see any lights". Had he gone further and testified he was in a position to see lights and did not see them, a different question probably would have confronted Judge Latham. The plaintiff did not see the vehicle until he was right on it, according to his own statement. His attention thereafter was devoted to his efforts (happily successful) to avoid "striking her in the side".

Motion to nonsuit does not permit the Court to weigh the evidence; that is the exclusive province of the jury. *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330. However, when nonsuit is denied at the close of the plaintiff's evidence (as in this case) the defendant's evidence, which is not in conflict with the plaintiff's, is taken into account. *Eason v. Grimsley,* 255 N.C. 494, 121 S.E. 2d 885. The defendant, and one of her witnesses, gave positive testimony that lights on the Oldsmobile were on. The mere statement that plaintiff did not see a light is not enough if he omits to go further and say he was keeping a lookout and was in a position to see lights. *Hollingsworth v. Grier,* 231 N.C. 108, 55 S.E. 2d 806; *Parkway Bus Co. v. Coble Dairy Products Co.,* 229 N.C. 352, 49 S.E. 2d 623.

The plaintiff's evidence raises serious doubt whether the presence or absence of lights on the Oldsmobile could have influenced the plaintiff's evasive action. He could see neither his traffic lane nor the stalled automobile until the lights facing him had passed. According to the evidence, when he applied brakes, his vehicle missed the Oldsmobile, spun around twice, and landed against the bank of the road. Whether the absence or presence of lights could have been a proximate cause of the accident is problematical. *Morris v. Jenrette Transp. Co.,* 235 N.C. 568, 70 S.E. 2d 845. Suffice it to say that all the positive evidence discloses the disabled vehicle's lights were

on. Evidence of negligence on the part of the defendant is not disclosed. Nonsuit was proper. Judgment of the Superior Court is

Affirmed.