BETTY KEZIAH SMITH v. DOUGLAS RALPH STATON AND COY MUCKLE SMITH

No. 7820SC470

(Filed 5 June 1979)

1. **Automobiles §§ 70, 75.2— truck blocking highway—warning to motorists—contributory negligence in striking truck— directed verdict improper**

   In an action to recover for injuries sustained by plaintiff when she collided with defendants' logging truck, the trial court erred in directing verdict for defendants where the evidence presented questions for the jury as to (1) whether defendants used due care under the circumstances to give adequate warning to plaintiff and to other persons using the highway that their logging truck was completely blocking the roadway and (2) whether, in the exercise of

due care, plaintiff could or should have seen the logging truck earlier and in time to avoid the collision.

**2. Pleadings § 37.1; Trial § 21.1 — directed verdict — evidence considered in passing on motion**

It is not necessary that any portion of the pleadings be introduced in evidence in order that allegations of new matter in defendant's answer favorable to the plaintiff may be considered in passing on defendant's motion for a directed verdict.

APPEAL by plaintiff from *Walker (Hal H.), Judge.* Judgment entered 23 February 1978 in Superior Court, UNION County. Heard in the Court of Appeals 1 March 1979.

This is an action to recover damages for personal injuries received by plaintiff when the pickup truck she was driving collided with an International logging truck owned by defendant Smith and operated by his employee, the defendant Staton. The accident occurred in the dark at about 6:25 p.m. on 18 December 1975 on N.C. Highway #205 in Union County. At that point the highway is a two-lane paved road running generally in a north-south direction, with one lane for northbound and one lane for southbound traffic. The posted speed limit was 55 miles per hour. At the point of collision the road ran through a wooded section where defendants were engaged in a logging operation on land on the west side of the road. In plaintiff's complaint as originally filed, she alleged that as she drove southwardly along the highway the International truck being operated by defendant Staton "suddenly and without warning drove into the highway from the logging area located to the west of said highway and directly into the path of the vehicle being operated by the plaintiff, thereby causing a collision." She alleged that the collision and her resulting injuries were proximately caused by defendant Staton's negligence in entering the public highway from a private driveway without yielding the right-of-way to traffic traveling on the highway and in failing to give warning of his intention to enter the roadway.

Defendants answered, denying negligence on their part and pleading plaintiff's contributory negligence as a defense. As the factual basis for their plea of contributory negligence, defendants in their answer alleged:

1. On December 18, 1975, the defendant Smith and the defendant Staton, his employee, were engaged, along with

Bill Smith, the son of defendant Smith, in a logging operation on the west side of North Carolina Highway #205 in Union County, about a mile north of New Salem, North Carolina.

2. At about 6:25 p.m., while it was dark, these defendants were preparing to drive a loaded log-hauling truck of the defendant Smith onto the highway from where it was located off the west side of the highway. Because the driveway through which the log truck would pass onto the highway was narrow and because the truck was long, the log truck could not be driven onto the highway in one continuous movement, but had to be pulled forward into the highway and then backed up before it could be turned to proceed south along the highway. Because this procedure would take more than a few seconds to accomplish and so as to give warning to southbound motorists, Bill Smith positioned a Ford pickup truck at the west edge of the highway, facing south, about 180 feet north of where the log truck would be entering the highway, and left the lights burning on the Ford pickup, including the emergency flashers. Bill Smith then positioned himself in the highway with a lighted flashlight to signal southbound motorists and to attract their attention to the activity of the log truck.

3. When the Ford pickup and Bill Smith had been so positioned, defendant Staton drove the log truck, with headlights and taillights burning, onto and across the highway and was preparing to back it up, when Betty Keziah Smith, who was driving Jerry Lee Smith's Chevrolet pickup, in which Jerry Lee Smith and Timothy Lee Smith were passengers, at a high rate of speed south on N.C. Highway #205, ignored the warnings of the flashing lights on the Ford pickup and the flashlight being waved by Bill Smith, and drove the Chevrolet pickup at an undiminished rate of speed past the Ford pickup, caused Bill Smith to have to leap to the side of the road to avoid being struck by the Chevrolet pickup, and crashed the front of the Chevrolet pickup into the side of the log truck.

At trial, except for the doctor who testified as to plaintiff's injuries, plaintiff was the only witness. She testified that immediately prior to the collision she was driving her husband's

pickup truck in the right-hand lane of the highway going south, with her husband and young son as passengers. It was dark and the headlights on her vehicle were on. As she entered a curve to her right she saw a pickup truck parked off the road on her right headed north. It had its parking lights on but they were not flashing. Passing the parked pickup truck, plaintiff next observed a truck, which she described as a grain truck, standing partially in her lane of travel but headed north and without any lights on. She drove her vehicle to the left approximately in the middle of the road to pass the grain truck. At the time she saw "the pickup truck or grain truck," she saw a fire in the field on the right-hand side of the road "along about the same place along the road as where the grain truck was." There were three people standing around the fire, but she didn't recognize who they were. When she had gone "not very far" past the grain truck, "probably just a matter of two or three feet," she saw the logging truck standing all the way across the road headed east. It was completely stopped when she saw it. She did not see any lights on the logging truck. The front of plaintiff's pickup truck hit the left hand door of the logging truck, the collision causing her injuries.

Plaintiff testified her vehicle was going 35 miles per hour when she first saw the logging truck, that "it happened so fast" she "really [didn't] know" what she did, but she thought she raised her right leg to hit the brake. She "really [didn't] know" whether she got her brakes on before she hit the log truck.

Plaintiff testified that the parked pickup truck was 400 to 450 feet from the logging truck, the grain truck was 100 to 150 feet from the pickup truck, and "that would mean the grain truck was about 300 feet from the logging truck," but she did not know how to judge distances.

At the close of plaintiff's evidence, the defendant moved for a directed verdict on the grounds that the evidence failed to show any actionable negligence on the part of the defendants and showed that the plaintiff was contributorily negligent as a matter of law. During oral argument of this motion, the plaintiff moved the court to be allowed to amend her complaint to conform with the evidence. This motion was granted, and the allegations of plaintiff's complaint were amended by adding *inter alia* the following allegation concerning the negligence of defendant Staton:

(d) He stopped the vehicle he was operating in a position blocking the main traveled portion of the highway without taking proper precaution to give proper warning to motorists upon said highway when he knew, or in exercise of reasonable care should have known, that the blocking of said highway would be dangerous to oncoming traffic.

After granting plaintiff's motion to amend, the trial court allowed defendant's motion for a directed verdict. From judgment dismissing her claim with prejudice, the plaintiff appeals.

*James R. Carpenter for the plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray by James P. Crews for the defendant appellee.*

PARKER, Judge.

Plaintiff assigns error to the granting of defendant's motion for a directed verdict. We find error in this regard and reverse.

The following statement of law, which has been quoted with approval by our Supreme Court in *Bass v. McLamb*, 268 N.C. 395, 150 S.E. 2d 856 (1966), *Saunders v. Warren*, 267 N.C. 735, 149 S.E. 2d 19 (1966), and *Chandler v. Bottling Co.*, 257 N.C. 245, 125 S.E. 2d 584 (1962), is particularly applicable to the facts of the present case:

> The operator of a standing or parked vehicle which constitutes a source of danger to other users of the highway is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic of the presence of the standing vehicle, and such duty exists irrespective of the reason for stopping the vehicle on the highway. So the driver of the stopped vehicle must take such precautions as would reasonably be calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means, and failing to give such warning may constitute negligence. *    *    * 60 C.J.S. Motor Vehicles, § 325, pp. 779, 780.

(*See* 60A C.J.S., Motor Vehicles, § 335(1), pp. 394-95.)

It is true, as defendants point out, that plaintiff's evidence fails to disclose how long the logging truck had been standing

blocking the highway when the collision occurred, why it was there, and what opportunity defendants had had to give warning of its presence. In passing on a defendant's motion for a directed verdict, however, the court must examine not only the evidence but also the admissions and such allegations of new matter in defendant's pleadings as are favorable to the plaintiff. As pointed out by Lake, J., speaking for our Supreme Court in *Champion v. Waller*, 268 N.C. 426, 150 S.E. 2d 783 (1966):

> It is elementary that in passing upon a motion for judgment of nonsuit the evidence of the plaintiff must be taken to be true, and must be interpreted in the light most favorable to him, and all reasonable inferences in his favor must be drawn therefrom. *Bowling v. Oxford*, 267 N.C. 552, 148 S.E. 2d 624

> Facts alleged in the complaint and admitted in the answer are conclusively established by the admission, it not being necessary to introduce such allegations in evidence. *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16; Stansbury, North Carolina Evidence, § 177. The same is true of allegations of new matter in a further answer, which new matter is favorable to the plaintiff. In passing upon a motion for judgment of non-suit, all such allegations in the answer are taken to be true and are to be considered along with the evidence.

268 N.C. at 428, 150 S.E. 2d at 785.

In the present case defendants admitted in their answer the allegations in plaintiff's complaint that they "were engaged in a logging operation and were clearing some land alongside of North Carolina Highway #205," that defendant Staton was the operator of the International truck which was owned by defendant Smith, and that defendant Staton was the employee of defendant Smith and was operating the truck as his agent and employee. In their further answer, in which they alleged specific facts as a basis of their plea of contributory negligence, defendants went further and alleged in detail the facts as to how and why the logging truck got to the position it was in when the accident occurred.

When plaintiff's evidence is examined in the light most favorable to her and is supplemented by the admissions and allegations favorable to her in defendants' answer, we find it suf-

ficient to support a finding that defendant Staton, acting as defendant Smith's employee, deliberately drove defendant Smith's logging truck at night across the highway, completely blocking both lanes of travel; that he did this "[b]ecause the driveway through which the log truck would pass onto the highway was narrow and because the truck was long, the log truck could not be driven onto the highway in one continuous movement, but had to be pulled forward into the highway and then backed up before it could be turned to proceed south along the highway;" that defendants were aware that "this procedure would take more than a few seconds to accomplish" and that it was necessary to give warning to southbound motorists, such as the plaintiff; that in order to give such warning they "positioned a Ford pickup truck at the west edge of the highway, facing south, about 180 feet north of where the log truck would be entering the highway, and left the lights burning on the Ford pickup;" that when plaintiff approached the scene driving her vehicle in the right-hand south-bound lane at approximately 35 miles per hour, a vehicle described by her as a "grain truck" was parked, partially in the south-bound lane, between the Ford pickup and defendants' logging truck; that the logging truck was at that time standing still directly across and completely blocking the road and with its lights directed away from oncoming south-bound traffic; and that plaintiff was confronted in the darkness so suddenly with defendants' stationary logging truck blocking the road that she was unable to avoid hitting it.

[1]  In our opinion the foregoing facts, if found by the jury, present a question for the jury to determine whether defendants used due care under the circumstances to give adequate warning to the plaintiff and to other persons using the highway that their logging truck was completely blocking the roadway. This is not the case, as was presented in *Blanton v. Frye*, 272 N.C. 231, 158 S.E. 2d 57 (1967), where defendant's vehicle stalled on the highway, thereby creating a sudden emergency without fault on the part of the defendants. Here, defendants admitted in their answer that they knew before they brought their truck upon the highway that it would completely block the roadway for an appreciable period of time and that it was necessary for them to take steps to warn others using the highway of the danger thereby created. In our opinion whether the steps taken by the defendants in this case were compatible with the standard of due care was for the

---

Smith v. Staton

---

jury to determine. We hold that the foregoing facts would warrant a jury finding that defendants were negligent in failing to give plaintiff adequate warning of the presence of their logging truck on the highway and that such negligence on the part of the defendants was a proximate cause of plaintiff's injuries.

The evidence in this case, when supplemented by such of the allegations in defendants' answer as are favorable to plaintiff, and when both evidence and defendants' allegations are examined in the light most favorable to the plaintiff, also fails to show contributory negligence on the part of the plaintiff as a matter of law. In the light most favorable to plaintiff, the evidence and defendants' allegations favorable to her would support a jury finding that plaintiff, driving her vehicle 35 miles per hour in a 55 mile per hour speed zone, was suddenly confronted by defendants' truck standing across and completely blocking the highway at a point only 180 feet away from the Ford pickup truck which defendants had parked on the west side of the highway with its lights on to give approaching traffic warning of the danger which the presence of the logging truck on the highway presented. At 35 miles per hour plaintiff's vehicle would travel the intervening 180 feet in approximately 3½ seconds. During a part of that time she was required to steer her vehicle around the grain truck which was parked partially blocking her lane of travel. Whether, in the exercise of due care, she could or should have seen the logging truck earlier and in time to avoid the collision presented a question for the jury. Contributory negligence on the part of the plaintiff has not been shown as a matter of law.

[2]  The record on appeal in this case does not indicate that any portion of defendants' answer was introduced in evidence. We are, of course, advertent to decisions of our Supreme Court, such as *Edwards v. Hamill*, 266 N.C. 304, 145 S.E. 2d 884 (1966), which held that unless introduced in evidence, allegations of new matter in a defendant's answer, as distinguished from admissions of specific allegations in the complaint, cannot be considered in passing upon the motion for nonsuit. On authority of *Champion v. Waller, supra*, decided subsequent to the decision of *Edwards v. Hamill*, we hold that it is not necessary that any portion of the pleadings be introduced in evidence in order that allegations of new matter in defendant's answer favorable to the plaintiff may be considered in passing on the defendant's motion for a directed

verdict. See 2 Stansbury's N.C. Evidence, Brandis Rev. § 177; 44 N.C.L. Rev. 919 (1966); 45 N.C.L. Rev. 840-42 (1967).

Defendants, as a cross assignment of error, assign error to the court's allowing plaintiff to amend her complaint. In this connection defendants contend that plaintiff's evidence failed to support the allegations in the amendment. Even so, the allegations in the amendment are consistent with those portions of the allegations of new matter in defendants' answer which are favorable to the plaintiff. The trial court's allowance of the amendment was proper pursuant to the discretionary power given it by G.S. 1A-1, Rule 15(a) because the allegations in the amendment concern the blocking of the road by defendants' truck, which is admitted in the answer, and the adequacy of the warning given, which is an issue raised in the answer. We find no error in the allowance of the amendment.

The order allowing defendants' motion for a directed verdict is

Reversed.

Judges HEDRICK and CARLTON concur.