BETTYE JO LaFALCE AND HUSBAND, ANTHONY J. LaFALCE v. ROY EMERY
WOLCOTT

No. 8428SC1271

(Filed 17 September 1985)

1. **Appeal and Error § 6.2— disposal of fewer than all issues—no determination of no just cause for delay—appealable**

A substantial right of the plaintiffs was affected and plaintiffs' appeal was not premature where the trial judge directed a verdict against plaintiffs,

denied plaintiffs' motion for a new trial and granted defendant's motion for a new trial on his counterclaim. Plaintiffs have completed one trial, will undergo a second on defendant's counterclaim if this appeal is not allowed, and then will undergo a third trial to relitigate the original action if their exceptions are meritorious. G.S. 1-277(a), G.S. 7A-27.

2. **Automobiles and Other Vehicles § 59.1— collision while defendant was making left turn—directed verdict against plaintiffs—improper**

   A directed verdict against plaintiffs in an automobile collision case was improper where the evidence, in the light most favorable to plaintiffs, tended to show that plaintiff was driving in the outside lane of a four-lane street; she saw defendant's car while still several hundred feet away; defendant's car was in the driveway of a doctor's office; plaintiff passed on the left a slow-moving car, maintained her speed of about 30 or 35 miles per hour in the inside lane, and saw no cars ahead of her; plaintiffs' car was struck on the right side in her lane by defendant's car; defendant was attempting a left turn when his car stalled; plaintiffs' car was damaged on the right side; the damage to defendant's car was to the front bumper; and defendant's passenger was thrown forward and to the left as a result of the impact. It is a reasonable inference that defendant had stalled in the outside lane and rather than start the car and back into the driveway to wait for traffic to clear, defendant decided to proceed across plaintiff's lane to complete his left turn.

3. **Automobiles and Other Vehicles § 76.1— collision while defendant making left turn—directed verdict for plaintiffs on contributory negligence—improper**

   Directed verdict against plaintiffs in an automobile collision case was improper where the collision occurred while defendant was making a left turn across a four-lane street and the damage was to the right side of plaintiffs' car and the front bumper of defendant's car. Plaintiff offered evidence from which defendant's negligence could be inferred and the evidence of plaintiff's contributory negligence was not overpowering.

4. **Damages § 13.1; Witnesses § 8.3— automobile accident—cross-examination on plaintiff's emotional problems—no error**

   The trial court did not err in an action arising from an automobile collision by admitting testimony on cross-examination of plaintiff's past emotional problems, past institutionalization, and post-accident allegedly excessive drinking. These issues were relevant to the issue of plaintiff's "great pain of body and mind" allegedly caused by the accident.

APPEAL by plaintiffs from *Allen, Judge.* Judgment entered 16 March 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 20 August 1985.

*Long, Howell, Parker & Payne, P.A., by Mary E. Arrowood, for plaintiff appellants.*

*Morris, Golding, Phillips and Cloninger, by Thomas R. Bell, Jr. and James N. Golding, for defendant appellee.*

BECTON, Judge.

Plaintiffs, Bettye Jo and Anthony J. LaFalce, appeal from the trial court's judgment (a) allowing defendant's motion for a directed verdict and dismissing plaintiffs' personal injury and property damage action; and (b) allowing defendant's motion to set aside the verdict and granting defendant's motion for a new trial on defendant's counterclaim for property damage.

On 26 July 1983, Bettye Jo LaFalce was driving south in the outside lane of Asheland Avenue, a four-lane street. According to Ms. LaFalce, she saw a dark car in the driveway of a parking lot of a doctor's office ahead of her on the right side of the road. The only southbound traffic near her was a light-colored vehicle moving slowly in her lane, ahead of her, apparently preparing to turn right. Plaintiff changed lanes to the inside lane to pass the slower vehicle. At that time, the car of defendant, Mr. Wolcott, had stalled while he was attempting a left turn across the southbound lanes. The Wolcott and LaFalce cars collided.

Plaintiffs filed a claim for personal injury and property damage. Defendant counterclaimed for property damage, alleging plaintiff's negligence in failing to stop after seeing defendant's car stalled in the street. At the close of plaintiffs' case, the trial court allowed defendant's motion for a directed verdict. Defendant then presented evidence on his counterclaim, and the trial court denied plaintiffs' motion for a directed verdict. After the jury returned a verdict finding the plaintiff negligent but awarding no damages to the defendant, the court allowed defendant's motions to set aside the verdict and for a new trial on the counterclaim. Plaintiffs' Motion for Relief from Judgment and New Trial was denied.

Plaintiffs assert the trial court erred on three grounds: (1) plaintiffs' evidence was sufficient to go to the jury; (2) testimony that plaintiff had had emotional problems in the past, had been institutionalized and drank excessively after the accident was erroneously admitted; and (3) plaintiffs' Motion for Relief from Judgment and New Trial should have been granted because plaintiffs' attorney was not prepared and the jury disregarded the court's instructions. Defendant asserts that this interlocutory appeal should be dismissed. We disagree with defendant and allow the appeal. We agree with plaintiff that the evidence was sufficient to go to a jury, but disagree on the second and third grounds.

I

**[1]** The initial question is whether this appeal is premature. Clearly, the trial court's orders and judgments in this case disposed of fewer than all of the issues. Indeed, the court retained jurisdiction for a new trial on the defendant's entire counterclaim, and there has been no determination by the court that "there is no just reason for delay" under North Carolina Rule of Civil Procedure 54(b). Nevertheless, this appeal is permissible if it affects a substantial right of the plaintiff under N.C. Gen. Stat. Secs. 1-277(a) (1983) and 7A-27 (1981). *Nasco Equip. Co. v. Mason*, 291 N.C. 145, 148, 229 S.E. 2d 278, 281 (1976); *Oestreicher v. Amer. Nat'l Stores, Inc.*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *Narron v. Hardee's Food Sys., Inc.*, 75 N.C. App. 579, 331 S.E. 2d 205 (1985).

As our Supreme Court candidly admitted, the "substantial right" test is "more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context. . . ." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978). Nonetheless, several principles emerge from the many interlocutory appeals this Court has considered. For example, the mere avoidance of a rehearing on a motion or the avoidance of a trial when summary judgment is denied is not a "substantial right." *Waters*, 294 N.C. at 208, 240 S.E. 2d at 344; *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 336, 299 S.E. 2d 777, 781 (1983) ("avoidance of a *portion* of an administrative hearing is not a 'substantial right'"). Similarly, an order granting a partial new trial is not immediately appealable, despite the language of N.C. Gen. Stat. Sec. 1-277(a) ("An appeal may be taken from every judicial order or determination [which] . . . grants or refuses a new trial."). *Johnson v. Garwood*, 49 N.C. App. 462, 463, 271 S.E. 2d 544, 545 (1980); *Unigard Carolina Ins. Co. v. Dickens*, 41 N.C. App. 184, 186-87, 254 S.E. 2d 197, 198 (1979) (jury verdict on liability allowed; grant of new trial on damages not immediately appealable); *accord Bailey v. Gooding*, 301 N.C. 205, 210, 270 S.E. 2d 431, 433-34 (1980) (order forcing plaintiffs to undergo full trial rather than trial on damages only, not appealable); *Tridyn Indus., Inc. v. Amer. Mutual Ins. Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979) (trial judge granted summary judgment on issue of liability only).

In another line of cases, our Supreme Court determined that a substantial right was affected by an order granting defendant's motion for partial summary judgment on plaintiff's claim for punitive damages. *Oestreicher v. Amer. Nat'l Stores, Inc.* In *Oestreicher*, the Supreme Court adopted the definition of "substantial right" found in *Webster's Third New International Dictionary* (1971): "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right." 290 N.C. at 130, 225 S.E. 2d at 805. The Supreme Court then noted that the punitive damages claim was closely related to the other two claims in plaintiff's action.

> To require him possibly later to try the second cause of action for punitive damages would involve an indiscriminate use of judicial manpower and be destructive of the rights of both plaintiff and defendant. Common sense tells us that the same judge and jury that hears the claim on the alleged fraudulent breach of contract should hear the punitive damage claim based thereon. . . .

> We believe that a "substantial right" is involved here. If the causes of action were not subject to summary judgment, plaintiff had a substantial right to have all three causes tried at the same time by the same judge and jury. The case falls squarely within the definition of "substantial right" as defined by Webster's, *supra.*

*Id.* (citation omitted); *see Newton v. Standard Fire Ins. Co.,* 291 N.C. 105, 108, 229 S.E. 2d 297, 299 (1976) ("that this case involves a dismissal under Rule 12(b)(6) rather than a summary judgment does not affect the applicability of our holding in *Oestreicher*"). In short, the rule of *Oestreicher* and *Newton* is intended to prevent "a bifurcated trial." *See Tridyn,* 296 N.C. at 493, 251 S.E. 2d at 448.

In the case at bar, the trial judge directed a verdict against the plaintiffs, denied plaintiffs' motion for a new trial and granted defendant's motion for a new trial on his counterclaim. We believe this affects a substantial right of the plaintiffs. Plaintiffs have already completed one trial, and if this appeal is not allowed, they will undergo a second trial on defendant's counterclaim.

Then, if plaintiffs' exceptions are meritorious, they will undergo a *third* trial to relitigate plaintiffs' original action because the second trial will not include the issues of the extent and amount of plaintiffs' injuries or property damages. We find this case similar to *Roberts v. Heffner*, 51 N.C. App. 646, 650-51, 277 S.E. 2d 446, 449 (1981):

> In our opinion, the possibility of being forced to undergo two full trials on the merits and to incur the expense of litigating twice makes it clear that the judgment in question works an injury to defendants if not corrected before an appeal from a final judgment. The burden on defendants in this case of being forced to undergo two full trials is much greater than that suffered by the appellant in *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978) (the necessity of rehearing its summary judgment motion), or by the appellant in *Bailey v. Gooding, supra* (the necessity of undergoing a full trial on the merits instead of a trial solely on the issue of damages) or by the appellant in *Industries, Inc. v. Insurance Co., supra* (the necessity of undergoing a trial on the issue of damages). We conclude that the judgment in question affects a substantial right of the defendants. . . .

Accordingly, we hold that this appeal affects a substantial right of the plaintiffs under N.C. Gen. Stat. Secs. 1-277(a) and 7A-27.

## II

[2]    The plaintiffs' first assignment of error is that the directed verdict against the plaintiffs was improper. It is not clear from the record whether the trial judge directed the verdict because plaintiffs failed to establish defendant's negligence or on the basis of plaintiff's apparent contributory negligence, or both. The judgment states, "the Court [is] of the opinion that the plaintiffs' evidence was insufficient to establish the allegations of negligence against the defendants and in effect indicated the plaintiffs' contributory negligence as a matter of law. . . ." The standard for allowing a directed verdict is well established.

> In passing upon a motion for a directed verdict, . . . the court must consider the evidence in the light most favorable to the non-movant, deeming all evidence which tends to support his position to be true, resolving all evidentiary conflicts

favorably to him and giving the non-movant the benefit of all inferences reasonably to be drawn in his favor. . . . A directed verdict on the ground of contributory negligence should be granted only when this defense is so clearly established that no other reasonable inference can be drawn from the evidence.

*Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978) (citations omitted).

The evidence, in the light most favorable to plaintiffs, tends to show the following relevant facts. Plaintiff saw defendant's car while still several hundred feet away. Defendant's car was in the driveway of a doctor's office. As plaintiff passed on the left a slow-moving light-colored car, she maintained her speed of about 30-35 miles per hour in the inside lane and saw no cars ahead of her. Her car was struck on the right side, in her lane, by defendant's car. Defendant was attempting a left turn when his car stalled. Damage to plaintiff's car was to the right side. Damage to defendant's car was to the front bumper. Defendant's passenger was thrown forward and to the left as a result of the impact.

From these facts, a jury could reasonably infer that defendant had stalled in plaintiff's lane, and plaintiff negligently failed to stop. On the other hand, it is a reasonable inference that defendant had stalled in the outside lane, and, rather than start the car and back into the driveway to wait for traffic to clear, defendant decided to proceed across plaintiff's lane to complete his left turn. If the latter inference were drawn, it would be based on the testimony of plaintiff that she had a clear lane and was hit on the right; on the defendant's testimony that he had stalled while attempting a left turn; and on the physical evidence that the plaintiff's car was struck on the right side and defendant's passenger was thrown partially in a forward direction. This evidence supports the inference that defendant started his car after it had stalled and negligently ran into plaintiff's car without waiting for traffic to clear. This would not be *presuming* negligence improperly from the occurrence of an accident, as defendant contends. This would be drawing reasonable inferences, well within the province of the jury. *See Daughtry*, 295 N.C. at 546, 246 S.E. 2d at 791. We find that plaintiff has offered sufficient evidence, more than conjecture or surmise or mere proof of injury, to allow

a jury to infer negligence by the defendant. *See McDonald v. Moore Sheet Metal and Heating Co., Inc.,* 268 N.C. 496, 151 S.E. 2d 27 (1966).

[3] The issue of plaintiff's contributory negligence is also a jury question, unless the evidence indicates so clearly that plaintiff was negligent that reasonable minds may not differ and no other conclusion is possible. *Cowan v. Laughridge Const. Co.,* 57 N.C. App. 321, 326, 291 S.E. 2d 287, 290 (1982). In this case, reason allows an inference that plaintiff was suddenly struck from the side by a negligent defendant. Had there been uncontradicted evidence that defendant's car was stalled in plaintiff's lane, the question of plaintiff's contributory negligence, as a matter of law, would have been closer. *See, e.g., Blankton v. Frye,* 272 N.C. 231, 158 S.E. 2d 57 (1967) (nonsuit proper); *Cummins v. Southern Fruit Co., Inc.,* 225 N.C. 625, 36 S.E. 2d 11 (1945) (no error in denying motion for nonsuit); *Williams v. Frederickson Motor Express Lines, Inc.,* 198 N.C. 193, 151 S.E. 197 (1930) (no contributory negligence as a matter of law); *Dunn v. Herring,* 67 N.C. App. 306, 313 S.E. 2d 22 (1984) (motion for directed verdict improper).

In *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825 (1959), plaintiff changed lanes because the car ahead of him had signaled to turn. A tractor-trailer was stopped about forty feet ahead in plaintiff's lane. Although it was night, there were street lights. Plaintiff testified he did not see the tractor until he was about thirty feet from it, and there was no evidence that plaintiff used his brakes. The Supreme Court concluded:

> In our opinion, opposing inferences are permissible from plaintiff's proof as to whether or not he ought to have seen in the exercise of ordinary care for his own safety the tractor-trailer in time to have avoided running into it, and as to whether or not he used ordinary care in the interest of his own safety, and therefore, the case was properly submitted to the jury.

251 N.C. at 103, 110 S.E. 2d at 829; *see Dunn* (citing *Carrigan* with similar facts). Thus, even if the plaintiff in our case had conceded that defendant's car was in her lane before the impact, the issue of contributory negligence still would be appropriate for the jury. The plaintiff was not required to anticipate that a car would be stopped in her lane or to anticipate defendant's negligence. *Dunn,*

67 N.C. App. at 310, 313 S.E. 2d at 24 (relying on *Cummins v. Southern Fruit Co., Inc.*).

Doubts and close cases should not be resolved by directed verdicts. In *Daughtry* the Supreme Court said, "evidence of plaintiff's contributory negligence, while strong, is not so overpowering as to preclude all reasonable inferences to the contrary." 295 N.C. at 544, 246 S.E. 2d at 789. We believe plaintiff offered evidence from which defendant's negligence could be inferred, and the evidence of plaintiff's contributory negligence was not overpowering. The trial judge improperly granted defendant's motion for a directed verdict, and plaintiffs are entitled to a new trial on their original action.

### III

[4] Plaintiffs' second and third assignments of error are without merit. The trial court did not err in admitting testimony on cross-examination of plaintiff's past emotional problems, past institutionalization and post-accident allegedly excessive drinking. These issues were relevant to the issue of plaintiff's "great pain of body and mind" allegedly caused by the accident, as well as the other mental and physical manifestations claimed by the plaintiffs. The testimony objected to was elicited from Dr. James Sloan, plaintiff's personal physician. Moreover, this State's liberal rules of substantive cross-examination permit questioning "to bring out new and different facts relevant to the whole case." 1 H. Brandis, *North Carolina Evidence* Sec. 35, at 145 (2d rev. ed. 1982). Plaintiff introduced the subject of her mental and emotional state, and defendant's cross-examination was proper.

Plaintiffs' final contention is that they were denied a fair trial because their attorney was not properly prepared, failed to inform plaintiffs of defendant's counterclaim, told plaintiffs of the trial only thirty-five minutes before it began, and insisted that the trial could not be postponed. In light of our disposition of this case, remanding plaintiffs' claim for a new trial, any irregularity with respect to plaintiffs' trial attorney is harmless error.

Based on the foregoing, this case must be remanded for a new trial on plaintiffs' claim, to be tried together with defendant's counterclaim.

Reversed and remanded for a new trial.

Judges WEBB and MARTIN concur.