FRANK NEWCOMBE BOWDEN, Administrator of the Estate of Donna Ellyn Brooky
v. WILLIAM DUDLEY LATTA, JR., and WILLIAM DUDLEY LATTA, SR., d/b/a W.D.
. LATTA & SONS TRUCKING

No. 541PA93

(Filed 6 October 1994)

**Appeal and Error § 139 (NCI4th)— judgment n.o.v. on contrib-
utory negligence issue—new trial on damages issue—order
immediately appealable**

In a wrongful death action arising from defendant driver's
alleged negligence in the operation of a motor vehicle, the trial
court's interlocutory order granting plaintiff's motion for judg-
ment notwithstanding the verdict on the issue of decedent's con-
tributory negligence and ordering a new trial on the issue of dam-
ages affected a substantial right of the defendants under N.C.G.S.
§§ 1-277(a) and 7A-27(d) and was immediately appealable to the
Court of Appeals.

**Am Jur 2d, Appeal and Error §§ 47 et seq., 123 et seq.**

On discretionary review, pursuant to N.C.G.S. § 7A-31, of a unan-
imous, unpublished decision of the Court of Appeals, 112 N.C. App.
543, 436 S.E.2d 416 (1993), dismissing defendants' appeal as prema-
ture. Heard in the Supreme Court 14 September 1994.

*Maxwell, Freeman & Beason, P.A., by Robert A. Beason and
Monica Umstaedt Rossman, for plaintiff-appellee.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by
George W. Miller, Jr., and John R. Kincaid, for defendant-
appellants.*

PER CURIAM.

This is one of those rare cases where both sides agree. In their
briefs, plaintiff and defendants urge us to reverse the decision of the
Court of Appeals, which dismissed defendants' appeal as premature,
and remand for determination of the merits of the underlying appeal.
For the reasons which follow, we grant the relief requested.

This is a wrongful death action in which plaintiff alleged the
decedent died as a result of defendant William Dudley Latta, Jr.'s neg-

ligent operation of a motor vehicle owned by defendant Latta, Sr., d/b/a W.D. Latta & Sons Trucking.

Following the presentation of evidence, four issues were submitted to the jury: (1) the negligence of defendants, (2) the contributory negligence of the decedent, (3) the gross negligence of defendant Latta, Jr., and (4) the amount of damages recoverable by plaintiff. The jury returned a verdict finding negligence on the part of both the decedent and defendants and no gross negligence on the part of defendant, Latta, Jr. Accordingly, the jury awarded no damages to plaintiff. On 10 December 1992 judgment was entered in accordance with the jury verdict.

On 11 December 1992, plaintiff filed a motion for judgment notwithstanding the verdict and a motion for a new trial on the issue of damages. By order entered 31 December 1992, the trial court (1) set aside the jury verdict and judgment entered thereon as to the decedent's contributory negligence, (2) entered judgment for the plaintiff upon the issue of contributory negligence, and (3) ordered a new trial on the issue of damages. From this order defendants appealed to the Court of Appeals, contending that the trial court erred as a matter of law in granting plaintiff's motion for judgment notwithstanding the verdict and motion for new trial on the issue of damages and in allowing plaintiff to put on rebuttal evidence regarding decedent's contributory negligence. Treating the appeal as one only from an order granting a new trial on the issue of damages, the Court of Appeals, relying on *Unigard Carolina Ins. Co. v. Dickens*, 41 N.C. App. 184, 254 S.E.2d 197 (1979), held that the order appealed from was interlocutory and no substantial right was affected thereby. Accordingly, the appeal was dismissed as premature. We granted defendants' petition for discretionary review on 27 January 1994, and we now reverse and remand for consideration of the substantive appeal.

*Unigard* does not control the instant case. In *Unigard*, the jury found that (1) the plaintiff was subrogated to the rights of the insureds, (2) the insureds were damaged by the negligence of defendants, and (3) the insureds were damaged in the amount of two hundred dollars. The trial court accepted the verdict on the first two issues, but set aside the verdict on the issue of damages and granted plaintiff's motion for a new trial limited to that issue. The Court of Appeals, relying on this Court's decision in *Industries Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979), dismissed the appeal as

being interlocutory and not affecting a substantial right. The posture of the case was stated by Judge Frank Parker as follows: "By this appeal the defendants attempt to obtain immediate appellate review of an interlocutory order of the trial court which accepted the jury's verdict fixing liability and directed there be a new trial solely on the issue of damages. We find the appeal premature and order it dismissed." *Unigard*, 41 N.C. App. at 186, 254 S.E.2d at 198.

Plaintiff and defendants contend, and we agree, that the instant case is similar to *LaFalce v. Wolcott*, 76 N.C. App. 565, 334 S.E.2d 236 (1985). In *LaFalce*, the plaintiffs sued for damages allegedly resulting from the defendant's negligent operation of a motor vehicle. The defendant counterclaimed, alleging negligence on the part of the plaintiffs, and offered the defense of contributory negligence. The trial court directed a verdict against the plaintiffs, sending only defendant's counterclaim to the jury. The jury found plaintiffs negligent, but awarded defendant no damages. The trial court allowed defendant's motion to set aside the verdict and granted a new trial on defendant's counterclaim, but denied plaintiffs' motion for a new trial. In allowing plaintiffs' appeal, the Court of Appeals noted:

> We believe this affects a substantial right of the plaintiffs. Plaintiffs have already completed one trial, and if this appeal is not allowed, they will undergo a second trial on defendant's counterclaim. Then, if plaintiffs' exceptions are meritorious, they will undergo a *third* trial to relitigate plaintiffs' original action because the second trial will not include the issues of the extent and amount of plaintiffs' injuries or property damages.

*LaFalce*, 76 N.C. App. at 569-70, 334 S.E.2d at 239.

Notwithstanding its interlocutory nature, an appellate court may entertain an appeal if it affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d). *Oestreicher v. American Nat'l Stores, Inc.*, 290 N.C. 118, 225 S.E.2d 797 (1976). In *Bailey v. Gooding* we said:

> While final judgments are always appealable, interlocutory decrees are immediately appealable only when they affect some substantial right of the appellant and will work an injury to him if not corrected before an appeal from final judgment. . . .

> These rules are designed to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard.

*Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980) (citations omitted).

In the instant case, the parties agree that the only way judicial economy can be served is by a determination of the underlying substantive appeal at this time. Such a determination will not fragment the case. To the contrary, it will significantly shorten the process and clear the path toward finality for all concerned. If the appellate court upholds the judge's ruling as to contributory negligence, the necessity of going to trial on damages becomes immediately clear. On the other hand, if the court rules in favor of the defendant on the issue of contributory negligence, reinstating the jury verdict as to that issue, a trial on damages and the appeal that could follow would be avoided entirely. Regardless of whether an appellate court undertakes a substantive appeal now or after the parties have gone through a trial on damages, the issue of whether the trial judge was correct in overturning the jury verdict on contributory negligence remains central, and will, in any event, need to be addressed. Deciding the matter now would streamline the process by delineating, as well as limiting, the remaining issues that could be litigated and appealed.

We hold that this appeal affects a substantial right of the defendants under N.C.G.S. §§ 1-277(a) and 7A-27(d). Accordingly, we reverse the decision of the Court of Appeals and remand to that court for consideration of the substantive appeal.

REVERSED AND REMANDED.